———o———

## HENRY CHAPMAN v. WILLIAM CROOKS ET AL.

*Ejectment—Proof of conveyances—Boundary.*

Where a deed relied on in an action of ejectment is by its own terms made subject to a certain specified contract, it should only be admitted in evidence and construed in connection with that contract.

A deed purporting to be made by an executor at the request of certain other persons who signed it with him is not properly admissible as evidence of title without proof that the grantor had authority to act as executor and that he or the estate had an interest in the premises conveyed.

The recital in a deed that it is made at the request and by consent of certain persons does not pass any legal title they may have in the premises, even though they also sign the deed.

The mere building of a division fence by adjacent land-owners does not preclude their contesting the boundary so fixed; nor does their occupancy to the line of the fence unless it is adverse for the full period required by the statute of limitations.

Error to Kalamazoo. Submitted July 2. Decided Oct. 14.

EJECTMENT. Plaintiff brings error.

*E. M. Irish* for plaintiff in error. A deed must be

construed together with an instrument recited in it, 1 Chitty Cont. [11th Am. ed.], 147; *In re Com'rs v. Washington Park*, 52 N. Y., 131; one who offers a deed to prove title must show its relevancy, *Melcher v. Merryman*, 41 Me., 601; a division fence shifted about from time to time is no evidence of an agreement to settle a boundary, *Baldwin v. Brown*, 16 N. Y., 362; *Coon v. Smith*, 29 N. Y., 392; *Brewer v. R. R. Co.*, 5 Met., 472; *Thayer v. Bacon*, 3 Allen, 163; *St. Louis University v. McCune*, 28 Mo., 481; *Smith v. Hosmer*, 7 N. H., 436; 3 Washb. R. P. [3d ed.], 142, 81-5.

*Brown, Howard & Roos* for defendants in error. A division fence agreed on by adjacent owners establishes a boundary between them, *Smith v. Hamilton*, 20 Mich., 433; *Joyce v. Williams*, 26 Mich., 332; *Stewart v. Carleton*, 31 Mich., 270; *Laverty v. Moore*, 33 N. Y., 658; *Spiller v. Scribner*, 36 Vt., 245; Tyler on Ejectment, 571-5.

MARSTON, J. This was an action of ejectment brought to recover possession of a certain strip of land. Both parties claimed title from the same common grantor.

The deed offered in evidence by defendants should not have been received, unless the agreement to Parmeter referred to therein was also introduced. The conveyance was made subject "to all the conditions, and all the legal and equitable liabilities and conveyances" that might arise under the contract previously executed by the grantors to Parmeter, "and against said instrument in writing or the legal (or) equitable effect of which no covenant in this deed hereinafter expressed are understood or intended to apply, anything herein to the contrary notwithstanding." The grant, by the express terms thereof, having been made subject to the terms of a certain written instrument which it is evident from the context must, or at least may, have related to the premises described or a part thereof, both instruments should

be read and construed together in order to ascertain with clearness and certainty the extent of the rights of the grantee. The same rule should be applied here as though the deed had referred to the contract for a description of the premises conveyed. This contract may have limited or materially affected what otherwise would have been granted under the deed, and this could only be ascertained by an inspection of both instruments. 2 Parsons on Cont., 15; 3 Wash. on Real Pr., 367.

We are also of opinion that the court erred in admitting the Bronson deed.* It was not shown that the grantor was authorized to act in the capacity he assumed, or that he or the estate he undertook to act for, had any interest in the premises. The recital in this deed, and the signatures of Sheldon and Fitts thereto, would not make it their deed or pass any legal title which they may have had in the premises. Their request to Bronson to make conveyance, and their signatures thereto as evidence of the request therein recited, might under circumstances not appearing have force, but none as the case stood.

The principal controversy in the case seems to have arisen in regard to a division fence built originally with logs and brush, the exact location and time of its construction, as well as the legal effect thereof, being material and disputed questions.

It was not shown that the adjacent proprietors had ever agreed that the line of this brush fence should be considered as the correct boundary line between them, or that a survey had been made and the fence built in accordance therewith. Log and brush fences may and often are built in a new or sparsely settled section of country, even by mutual consent and occupancy up thereto by adjacent proprietors, without any intention on the part of either to consider the same as the true boundary line. What the effect of an agreement and occu-

---

*The deed purported to be made by Frederick Bronson, sole qualified and acting executor of the estate of Arthur Bronson, and at the request of Francis Fitts and Theodore P. Sheldon, who executed it together with him.

pancy thereunder might be in a case where there was no dispute between the parties, and no difficulty could be encountered or dispute arise in ascertaining and locating the true boundary line, we need not at present undertake to determine, as the question does not at present properly arise in this case. The authorities are not harmonious upon this subject. See 3 Washburne on Real Pr., 85 et seq., and authorities referred to.

Proof that a fence had been built and that one or both parties had occupied up to the line thereof, would not, we think, be sufficient to prevent either thereafter from contesting the correctness thereof. In the absence of any valid agreement binding upon the parties, where possession alone is relied upon, the possession should appear to be hostile for the full period of time required by the statute of limitations, in order to be binding. The showing should be the same as in other cases where a party claims to be the owner of land by adverse possession. It must be adverse for the full period required by the statute.

The judgment must be reversed and a new trial ordered.

The other Justices concurred.