LAFAYETTE BUNCE v. STEPHEN BIDWELL.

*Homestead—Ejectment—Adverse possession—Boundary.*

When a married man lives upon forty acres of land, and an adjoining strip of land is in dispute between him and a neighbor, the latter, in bringing ejectment for the strip, need not join the defendant's wife in the suit, as presumptively she has no homestead interest in the land in dispute.

Where by reason of an adverse possession of lands for twenty years, the occupant has acquired a perfect right in the law to defend his possession, he has for all practical purposes a title, and may maintain suits upon it against parties afterwards found upon the land.

An error was made in running a division line between two farms. The parties respectively occupied up to the erroneous line for more than twenty years. Afterwards the correct line was run. *Held* (1) that if the parties occupied up to the erroneous line, supposing it to be the true boundary, and relying upon it, such line could not be disturbed afterwards, and a mere oral agreement to run a new line could not disturb the title thus fixed. But (2) if the parties did not rely upon the first survey, but expected to settle the line by another when convenient to make it, the mere possession for twenty years, according to the erroneous line, would not give title; (3) the question of the nature of the possession, and of the claims of the respective parties, is one of fact for the jury exclusively.

Error to Jackson. Submitted April 27. Decided June 9.

EJECTMENT. Defendant brings error.

*John D. Conely* for plaintiff in error. Where ejectment is brought for a homestead, the wife is a necessary party defendant, *Hodson v. Van Fossen* 26 Mich. 68; *Henry v. Gregory* 29 Mich. 68; *Crane v. Seitz* 30 Mich. 453; a boundary acquiesced in for more than twenty years cannot be disturbed (*Smith v. Hamilton* 20 Mich. 433; *Joyce v. Williams* 26 Mich. 332; *Diehl v. Zanger* 39 Mich. 601; *Dupont v. Starring* 42 Mich. 492; *Chapman v. Crooks* 41 Mich. 595; *Baldwin v. Brown* 16 N. Y. 374); even by a new survey, *Jackson v. Dieffendorf* 3 Johns. 269; *Reed v. Farr* 35 N. Y. 113.

*Thomas E. Barkworth* and *Thomas A. Wilson* for defendant in error.

COOLEY, J. The land which Bidwell sought to recover in this case is a strip twenty-seven feet in width across the north end of the south half of the east half of the southwest quarter of section seventeen in township four south of range one west in Jackson county. Bidwell has a paper title to this forty-acre lot, which he acquired in 1879, and he owns and has resided for many years on the forty acres adjoining it on the west. Bunce owns the north half of the east half of said southwest quarter, and resides upon it.

The narrow strip is in controversy by reason of an error in a survey by which the parties concerned undertook to establish the dividing line between the north and south forties of this east half of the quarter section. This survey was made in 1846. William Spencer then owned the north forty and Leonard Huntley the south forty. One Van De Bogert made the survey for them, and through some mistake placed the dividing line twenty-seven feet too far south. The line thus run was not questioned at the time, and the parties interested built a fence upon it which remained as the dividing line of their possessions for twenty-five years.

In 1869, however, while Mrs. Sexton owned the south forty of the east half of the quarter section, Bidwell and herself desired a new survey, and called in one Crowl to make it. There is some evidence that Bunce assented to this survey, but none that he agreed to be bound by it, and he did not actually take any part in it. It was made however, and the error in the former survey was discovered, and the true line marked out. Bidwell claims and offered some evidence to show that Bunce subsequently recognized the true line, assented to a division fence being erected upon it, and drew stone for building a part of the fence himself. Bunce denied this. It was shown that Bidwell moved over a part of the fence to the line of the Crowl survey, but Bunce moved it back again. Bidwell afterwards brought this suit.

I. Bunce testified on the trial that he claimed the land on which he resided as his homestead; and it was thereupon objected by his counsel that the suit was defective for want of parties; the wife having rights in the homestead, inalienable except by her own act, and which made it necessary that she should be joined in any suit involving the homestead or any part of it, since otherwise the dispossession of the husband must dispossess her also without an opportunity to defend her rights, or compel a separation of the family. *Hodson v. Van Fossen* 26 Mich. 68. But as the Constitution and statutes only

exempt forty acres as a homestead, and it is not claimed or pretended that Bunce has less than the full forty acres without this disputed strip, this objection would seem to have no force. It is of no importance that the parties previous to the discovery of the mistake in the survey supposed and acted upon the belief that this narrow strip was within the limits of the north forty acres: a mistake of the sort cannot enlarge the homestead exemption, which is unalterably limited to a definite quantity, and can be enlarged neither by contracts nor blunders.

But it is said that inasmuch as this strip of land might be claimed by the wife as a part of her homestead, there can be no right to adjudge her claim to be unfounded in a suit to which she is not a party and in which she has no opportunity to present her view of the facts. But if the mere fact that a woman may assert a homestead right renders her a necessary party to an ejectment suit, the wife of a defendant, or a woman living in his house and falsely assuming or claiming to be his wife, might become a necessary party in any case. However baseless or absurd the claim may be in a particular case it may always be made; and if it must always be tried in a suit against the woman herself when she sees fit to make it, she must always have the power to make herself a necessary party. This would seriously embarrass legal proceedings without any corresponding advantage to any one; for no one pretends that a judgment against the husband alone for that which constitutes the homestead or any portion of it, can be made use of as an estoppel against the wife. Her remedies, including the right to retain possession as against any one claiming under or adversely to her husband, remain the same as before, and the just protection of her rights does not therefore require that she should always be a party to suits against her husband. It would be prudent, perhaps, to join her in all cases in

which a homestead right may be asserted with any show of reason; but such was not this case.

II. The principal question in the case arises upon the adverse possession of Bunce, and the charge of the court upon the effect of his recognition and acquiescence in the survey made by Crowl.   It is conceded that if Bunce occupied the disputed strip of land for twenty years, adversely to the owner of the south forty—the real owner of the strip,—he thereby acquired a right thereto which he could defend notwithstanding the possession originated in error. *Smith v. Hamilton* 20 Mich. 433; *Dupont v. Starring* 42 Mich. 492; *Chapman v. Crooks* 41 Mich. 595.   And it is now settled that this is not a right· of defense merely, but it is for all practical purposes a title, and affirmative remedies might be had upon it as against the original owner should he afterwards succeed in obtaining possession.    *Brent v. Chapman* 5 Cranch 358; *Leffingwell v. Warren* 2 Black 599; *Jackson v. Dieffendorf* 3 Johns. 269; *Reed v. Farr* 35 N. Y. 113; *Reformed Church v. School-craft* 65 N. Y. 134; *Moore v. Luce* 29 Penn. St. 260.    A subsequent survey should not have undertaken to disturb the lines possession had thus fixed.    *Diehl v. Zanger* 39 Mich. 601.

The circuit judge instructed the jury that if the defendant and those under whom he claimed had occupied the disputed strip adversely for twenty years previous to the commencement of suit, the plaintiff could not recover; that the occupancy to be sufficient for the purpose must have been actual, visible, notorious, continuous, and hostile to the right of the owner of the south forty for the whole period, and should have been under a claim of right.    If the jury found such an occupancy they were told it was of no consequence that it originated in mistake. On the other hand they were instructed that if they found that the defendant agreed or assented to the line designated in the Crowl survey, as the true line, and consented that the plaintiff should construct his part of the

fence on that line, and drew stone himself along that line intending thereby to restore the plaintiff to the full possession and enjoyment of this strip of land, then that would amount to an abandonment of his right under the former occupancy. This last instruction is excepted to. It is said that the effect is that Bunce, who before had acquired an undoubted title by adverse possession, is deprived of it by mere acts *in pais*, unaccompanied or followed by acquiescence in possession by Bidwell.

All the evidence is returned with the record, and we do not think it shows that the defendant had established an undoubted right to the land in controversy by adverse possession. It shows beyond doubt, apparently, that the parties for twenty-five years acted on the supposition that the Van De Bogert survey was correct, but it does not show that they ever assented to abide by it, or that they occupied on the respective sides of it claiming it to be accurate. It is consistent with everything shown in the case that the parties contemplated that at some future time, when it should be convenient, or when the value of this little strip should be sufficient to make it worth while, they would have a more careful survey made. If such were the case, mere occupancy of the disputed strip would not be sufficient to give title, and the judge would be correct in instructing the jury that when the mistake was discovered and the possession voluntarily restored to the owner of the paper title, the right of the previous possessor to claim by adverse possession would be gone. We are inclined to think the instruction given was justified upon the evidence in the case. Enough was shown to warrant the jury in finding title in Bunce by adverse possession, but it was not conclusive, and might be met and overcome by evidence that Bunce did not claim or rely upon such a title. And his acquiescence in the new survey would be very cogent evidence to that effect. It seems highly probable that the jury erred in the conclusion they reached, but that was not the fault of the court.

The judgment must be affirmed, with costs. The record will be remanded to give the plaintiff in error an opportunity to take a new trial under the statute.

The other Justices concurred.