JACOB TEX, PLAINTIFF IN ERROR, V. JACOB PFLUG, DEFENDANT IN ERROR.

1. **Ejectment:** STATUTE OF LIMITATIONS. Plaintiff's grantor was the owner of forty acres of wild and uncultivated land adjoining the cultivated and enclosed land of defendant. During the ten years just prior to the commencement of this suit defendant leased the land of plaintiff's grantor for the purpose of herding his stock thereon, the contract of lease having reference only to the uninclosed land. After plaintiff's purchase he caused his land to be surveyed, and found his east line to be.

about fifteen feet within the enclosure of defendant. In eject-- ment for the strip thus enclosed by defendant, it was *Held,* That the leasing of the unenclosed land would not prevent the running of the statute of limitations as to the strip in dispute,. it being enclosed as a part of defendant's farm and occupied by him as owner.

2. **Adverse Possession.** If one by mistake inclose the land of another and claim it as his own to certain fixed monuments or boundaries, his actual and uninterrupted possession for the statutory period will work a disseizin and his title will be· perfect.

ERROR to the district court for Sarpy county. Tried before WAKELEY, J.

*C. A. Baldwin,* for plaintiff in error, cited : *Smith v. Roberts,* 9 Pac. Rep., 104. *Streits v. Haley,* 61 Cal., 159. *Harting v. Witte,* 18 N. W. Rep., 180.

*George B. Lake,* for defendant in error, cited : *Gatling v. Lane,* 17 Neb., 77. *Tetzer v. Thoman,* 17 Ohio State, 130. *Brown v. McKinney,* 9 Watts, 565. *Grim v. Murphy,* 110 Ill., 271.

REESE, CH. J.

This action was instituted for the recovery of a strip of land occupied by defendant, and which it is alleged is the property of plaintiff. The trial in the district court re-- sulted in a judgment in favor of defendant, and, to reverse which, plaintiff prosecutes error in this court. The land in dispute is about fifteen feet wide and eighty rods long, and is on the division line between the north-east quarter of the north-west quarter of section 13, township 14, range 12 east, owned by defendant, and the north-west quarter of the said north-west quarter, owned by plaintiff.

It appears from the bill of exceptions that, in the year 1864, defendant purchased the forty acres owned by him, and soon thereafter took possession of it. The next year,

being uncertain as to its boundary lines, he caused the same to be surveyed and enclosed with a fence, the fence being placed upon the boundary lines according to the survey, where it has remained ever since. He immediately began the cultivation of the whole of the ground, and has continued to do so ever since, except that a part of it was planted in forest and fruit trees, and which he has not cultivated by raising crops upon it. The whole has, however, been in his possession, and in cultivation in the manner indicated, for near twenty years next prior to the beginning of the suit. During a part of the time of his residence upon the forty owned by him he has leased the north-west quarter of the north-west quarter of the section (being the forty acres lying immediately west of his) from plaintiff's grantor, and has pastured his stock thereon, and has perhaps cut hay on part of it, although the proof is not clear as to the latter. During all of the time referred to the land of plaintiff was uncultivated prairie. On the 8th day of August, 1885, plaintiff became the owner, and soon thereafter caused it to be surveyed, and upon such survey the line between the two forties was found to be about fifteen feet east of defendant's fence, and on the land enclosed and occupied by him. Hence this suit for the possession of the strip alleged to be within defendant's inclosure. The defense interposed is the statute of limitations.

It is claimed by plaintiff that defendant is not entitled to the land for two reasons: *First.* That having leased plaintiff's land—which, it is insisted, includes the tract in dispute—his possession has not been adverse or hostile, and therefore the statute has not run. And *Second.* That he never at any time intended to claim more than was actually conveyed to him by his grantor, which was the north-east quarter, etc., and the fact that by a *mistake* his enclosure extended over the line to which he sought to fence, would prevent the running of the statute.

As to the first contention, it is quite clear that in leasing the land now owned by plaintiff it was the purpose to lease only the uncultivated land lying west of defendant's field. This was the purpose of the agents of plaintiff's grantor, as well as that of defendant. We cannot see, therefore, how the rights of defendant could be affected by the contracts of lease referred to.

As to the second proposition there might be more doubt, as it might be that in case of a mutual mistake as to the location of a partition line the statute of limitations would not interpose a barrier to a recovery to the true line. It is apparent that the decision of the district court was not based upon any consideration of this question, and as, under the testimony, the judgment would have to be affirmed, whatever might be our views upon this point, we will not discuss it.

The testimony of defendant and his witnesses is to the effect that, in 1865, he caused his land to be surveyed and enclosed to the surveyed line; and from that time on he occupied, as owner, to that line, without reference to any other boundary. By his fence and his forest and fruit trees he, for nearly twice the period of the statutory limit, established his boundaries and claimed ownership to them. He testified pointedly to this fact. He took possession to the line fixed by the surveyor, and designated as his boundary by his grantor, and held with reference to it, and to nothing else. This being the view adopted by the district court, and there being sufficient evidence to sustain it, the judgment cannot be molested. *Brown v. Anderson*, 90 Ind., 94. *Bunce v. Bidwell*, 43 Mich., 542. *Seymour, Sabin & Co. v. Casli*, 31 Minn., 81. *Meyer v. Wigman*, 45 Iowa, 579. *Cole v. Parker*, 70 Mo., 372. *Metcalf v. McCutchan*, 60 Miss., 145.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.