JOHN H. LEVY, PLAINTIFF IN ERROR, v. JOHN M. YERGA, DEFENDANT IN ERROR.

1. **Adverse Possession:** LIMITATION OF ACTION. If one by mistake inclose the land of another, and claim it as his own, to certain fixed monuments or boundaries, his actual and uninterrupted possession as owner for the statutory period will work a disseizin, and his title will be perfect.

2. ————: ————: EJECTMENT: EVIDENCE. Plaintiff's grantor was the owner of a tract of wild and uncultivated land adjoining the cultivated and inclosed land of defendant. During a portion of the ten years just prior to the commencement of the suit, defendant leased the land owned by plaintiff's grantor, for the purpose of inclosing it and pasturing his stock thereon. The contract of lease, which was oral, was for the whole of plaintiff's tract of land, the understanding being that it was all uninclosed. After plaintiff's purchase, and upon a survey of his land, it was found that his east line was within the inclosure and over the boundary of defendant's land. In an ejectment suit for the strip inclosed, by the defendant, *It was Held,* That the leasing of the inclosed land would not prevent the running of the statute of limitations as to the strip in dispute, it being inclosed as a part of defendant's land, and occupied by him as owner to certain fixed boundaries, adopted as the line before plaintiff's purchase.

ERROR to the district court for Douglas county. Tried below before HOPEWELL, J.

*George F. Brown* and *Wm. D. Beckett*, for plaintiff in error, cited: *Ross v. Gould*, 5 Me., 212. *Grube v. Wells*, 34 Iowa, 150. *Hiatt v. Kirkpatrick*, 48 Iowa, 78. *Trussel v. Lewis*, 13 Neb., 415. *Howard v. Reedy*, 29 Ga., 154. *Brown v. Cockerell*, 33 Ala., 45.

*Kennedy & Gilbert*, for defendant in error, cited: *Gatling v. Lane*, 17 Neb., 77. *Stettnische v. Lamb*, 18 Neb., 619. *Yetzer v. Thoman*, 17 Ohio St., 130. *French v. Pearce*, 8 Conn., 439. *Hamilton v. Wright*, 30 Ia., 480. *Brown v. Leete*, 6 Sawyer, 332, 339. *Tex v. Pflug*, 24 Neb., 666. *Grim v. Murphy*, 110 Ill., 271. *Meyer v. Weigman*, 45 Ia., 597. *Bunce v. Bidwell*, 43 Mich., 542. *Brown v. Anderson*, 90 Ind., 94. *Crary v. Goodman*, 12 N. Y., 266.

REESE, CH. J.

This is an action in ejectment for the possession of a narrow strip of land within the inclosure of defendant, and which it is alleged is the property of plaintiff in error, the adjoining land owner.

The answer of defendant in error denied the plaintiff's ownership, averred ownership in defendant, and alleged that he had "been in the lawful, open, notorious, peaceable, exclusive, and continuous possession of said premises for the period of more than ten years prior to the commencement" of the suit.

A trial was had to the court without the intervention of a jury, which resulted in a general finding and judgment in favor of the defendant in the action.

It is conceded by plaintiff that defendant has been in possession of the property for more than ten years prior to the commencement of the action, and that if such possession was notorious and hostile to plaintiff and his grantors, that the statute has run. But it is insisted that such is not the

possession of defendant, but that his inclosure was only intended to reach to the true line, and that his possession has been only with reference thereto; that his occupation of the land belonging to plaintiff and his grantors has been solely by mistake, and that defendant's claim of ownership extended only to the land described in the deed, the property being described by metes and bounds.

We have carefully examined the evidence submitted to the trial court, and find that sufficient evidence was submitted to justify a finding that defendant's occupation has been with reference to fixed boundaries, existing at the time of his purchase, and which it was supposed was within the actual purchase made by him, and without reference to the particular land described in the deed. There is proof that, about the time of the purchase, the land was surveyed, and that by such survey it was found that a ditch, which had been previously excavated by an occupant, was upon the line. And that in the construction of defendant's fence, he built with reference to said ditch as the line, placing this fence immediately inside of it. And that the whole of his possession had been with reference to said ditch as his boundary line, and as a monument thereof. This ditch was constructed, perhaps, prior to the year 1856, and as stated by one of the witnesses, was originally intended as a "ditch fence," upon that boundary line. While it appears the property has not been occupied during all this time, yet it is shown that during the time it was occupied, it was with reference to the ditch referred to, as the boundary line; that the occupancy has been continuous, and with reference to it, for more than ten years prior to the commencement of the action.

Under the rule stated in *Tex v. Pflug*, 24 Neb., 666, and which we believe to be correct, the statute of limitation had run in favor of defendant, at the time of the commencement of the action.

It is shown that, during the occupation of defendant, he leased from plaintiff's grantor the tract of land adjoining upon the west, which, it is alleged, included the strip referred to, and that for a number of years he had it inclosed for the purpose of a pasture, and that thereby he recognized the ownership of plaintiff, and that the running statute was broken, his possession during that time not being adverse.

It is clearly shown by the evidence that, at the time of the lease referred to, and during the whole thereof, the land in question was inclosed by defendant as his own property; while it is true that he rented what was known as the Thompson tract, yet it is very evident that in the contract of lease, which was oral, and in which contract the particular strip referred to was not treated as a portion of the Thompson tract, nor was defendant's possession thereof in any manner changed from what it had been prior thereto.

The rule stated in *Tex v. Pflug*, on this part of the case. must control, and the decision of the district court, that the tenancy was not inconsistent with defendant's possession as owner, was correct.

The judgment of the district court is therefore affirmed,

JUDGMENT AFFIRMED.

THE other judges concur.