76    565
81    258
76    565
94    679

## QUINN V. QUINN.

**Real Estate**: ADVERSE POSSESSION : QUIETING TITLE. Plaintiff had held adverse possession of the real estate in question for more than ten years prior to the commencement of this action to quiet his title, under an oral contract with defendant, by which he was to have the land for services rendered. *Held* that such possession entitled him to a decree quieting his title as against defendant.

*Appeal from Washington District Court.*—Hon. D. Ryan, Judge.

FILED, JANUARY 21, 1889.

ACTION to quiet the title to lands, and for an accounting. There was a decree quieting the title of plaintiff to a part of the lands, but no other relief was granted. Defendant appeals.

*E. W. Stone* and *R. Caldwell,* for appellant.

*H. & W. Scofield,* for appellee.

BECK, J.—I. The plaintiff is a son of the defendant. He alleges that about the time he became of age he and his father entered into a parol contract to the effect that plaintiff should remain and labor upon the farm of defendant and should receive one-half of the land and one-half of the stock ; that, after laboring under this contract for many years, the parties had a settlement, in which it was agreed that plaintiff should have eighty acres of the land, which should be conveyed to him, and the undivided one-third of sixty acres, and that the cattle should be sold, and the proceeds divided between the parties. In pursuance of this contract plaintiff went into the possession of the eighty acres of land, and built a house thereon, and has ever since been in the exclusive and adverse possession thereof. The cattle were sold, and three hundred dollars paid to plaintiff, but a large sum remains in the hands of defendant unaccounted for.

II. As the plaintiff does not appeal, he cannot complain of the decree, and ask that it be modified in this court. We need not, therefore, inquire whether he is entitled to any relief as to the undivided sixty acres of land, and the proceeds of the cattle received by defend-- ant. We are only required to determine whether the decree in quieting plaintiff's title to the eighty acres of land is supported by the evidence. We have reached the satisfactory conclusion that it is. While the evidence is conflicting, it shows very satisfactorily the contract between the parties for a division of the land, and a settlement, and that plaintiff went into possession of the eighty acres allotted to him, and built a house thereon,

and has occupied the whole tract ever since, claiming a right and title therein. He went into possession more than ten years before this suit was commenced, and has held the land adversely ever since. His adverse possession has ripened into a title which he can enforce against defendant. But the evidence shows that the possession was taken under a contract based upon a valuable consideration for the purchase of the land which was taken by him, pursuant to a settlement in satisfaction of his interest in and claim upon the whole farm. Here was a purchase by oral contract, followed by possession under it. The contract can and ought to be enforced by a decree for the specific conveyance of the property. It is needless to recite and discuss the evidence, which would not be of profit to the parties or others. Other questions in the case need not be considered. Many of them are eliminated by the fact that plaintiff does not appeal. The decree of the district court is

AFFIRMED.