LAURA CRAMER, Appellant, v. W. F. CLOW *et al.*, Appellees.

1. **Adverse Possession**: EVIDENCE. The defendants, claiming title under a warranty deed defectively acknowledged, entered upon a piece of wild land, and for more than ten years cultivated it, and paid the taxes thereon, and for nearly ten years previous to the commencement of this action had occupied it as a home, and made improvements upon it amounting to between three and four thousands of dollars. *Held*, that defendants were entitled to have their title quieted as against the plaintiff, who claimed title to the land under a warranty deed executed subsequent to that of defendants by the same grantor, but filed for record before the deed to defendants.

2. ————: QUIETING TITLE. Actual adverse possession of real estate for ten years creates a title by prescription, and is a sufficient basis on which to maintain an action to quiet the title thereto.

*Appeal from Wright District Court.*—HON. J. L. STEVENS, Judge.

WEDNESDAY, OCTOBER 22, 1890.

THIS action was commenced on the tenth day of December, 1887. The plaintiff claimed to be the owner of a farm which is in the possession of the defendants, and the prayer of the petition was that the title be quieted in the plaintiff. The defendants answered claiming that Harriet E. Clow was the owner of the land. A cross-petition was also filed, in which it was claimed that Harriet E. Clow was the owner of the land by a title acquired by adverse possession thereof for more than ten years, and also by a tax deed. This cross-petition was answered, and the answer was also made a cross-petition, and affirmative relief by quieting title in plaintiff was prayed by the plaintiff. When the cause was called for trial, the plaintiff withdrew, and dismissed her original petition. The cause was tried upon the cross-petition and answer thereto. A decree was entered quieting the title in Harriet E. Clow, and the plaintiff appeals.

*Nagle & Birdsall*, for appellant.

*Albrook & Hardin*, for appellees.

ROTHROCK, C. J.—I.   It appears from the evidence
that one John W. Main, a resident of the state of New
York, was formerly the owner of the land,
the title to which is in dispute.   On the
first day of November, 1871, said Main con-
veyed the land by a deed with covenants of general war-
ranty to the defendant, William Clow.   This deed was
filed for record in the office of the recorder of deeds in
Wright county on the eighth day of December, 1871.
On the fourth day of November, 1871, the said Main
executed and delivered to the plaintiff another warranty
deed for the land, which was filed for record on the
fourteenth day of the same month.   It will be observed
that the deed to the plaintiff was first filed for record.
The land in controversy was at that time wild and
uncultivated prairie, and not in the actual possession of
anyone.   Defendant, W. F. Clow, took actual possession
of the land in the month of May, 1877, and com-
menced breaking the prairie, and making other improve-
ments.   Soon afterwards he erected a dwelling-house
and other buildings.   He and his said wife took up
their residence on the land in the spring of 1878, and
have ever since occupied the same as a home.   The
improvements made upon the land by the defendants
amounted in value to from three to four thousand dol-
lars.   In the year 1878, said W. F. Clow conveyed the
land to his said wife.   The defendants were, therefore,
in the actual possession of the land for more than ten
years prior to the commencement of this suit.   They
claim that their possession was actual, open, visible and
notorious and continuous, and that it was under color
of title and claim of right.

There is no question but that the possession was
sufficient to launch the statute of limitations.   But it is
contended, in behalf of the plaintiff, that the possession

1. ADVERSE pos-
session : evi-
dence.

was not in good faith; that it was founded in fraud; that the conveyance from Main to Clow was procured by fraud. The facts upon which it is claimed the fraud was founded are fully set out, and evidence upon that feature of the case was introduced by both parties. It would unduly extend this opinion to set out the evidence here. A careful examination of the whole record leads us to the conclusion that the averment of fraud is not sustained. In determining this question, we have taken into account the fact that no action was commenced to recover this land for sixteen years, during all of which time the defendants paid all of the taxes on the land. In short, for sixteen years the plaintiff made no claim to the land directly or indirectly; and there can be no question that the possession was taken and held by the defendants under color of title. The deed made by Main to Clow was sufficient color of title, even though it was not properly acknowledged, as claimed by appellant's counsel. We need cite no authorities in support of the above views. They have been so often announced by this court that they have become fundamental rules of law in this state.

II. It is urged by counsel for appellant that when the petition of the plaintiff was withdrawn and dis-
2. ——: quieting missed, the cause stood upon the cross-
title. petition and answer thereto, and that the defendant is in the position of asserting a claim to the land founded upon adverse possession and the statute of limitations. It is claimed that, while a defendant in possession may plead the bar of the statute in defense, he has no right to make it the basis of an action to quiet title. The cases cited by counsel to sustain this claim do not, in our opinion, support this position. Actual adverse possession of real estate for ten years creates a title by prescription, and it is well settled that the right is not merely defensive, but is for all practical purposes a title, and that an action to quiet title founded upon such possession may be maintained. Tiedeman on Real Prop., secs. 716, 740; *Tourtelotte v. Pearce,* 42 N. W.

Rep. (Neb.) 915; *Quinn v. Quinn*, 76 Iowa, 565; *Bunce v. Bidwell*, 43 Mich. 542; 5 N. W. Rep. 1023.

III. The foregoing considerations dispose of all material questions in the case. The defendant, Harriet E. Clow, also, claims title to the land under a tax deed. As we hold that her title by adverse possession is complete, we need not consider the claim made under the tax deed. The decree of the district court will be AFFIRMED.