A. R. SEVERSON *et al.,* Appellees, v. F. J. D. GREMM *et al.,* Appellants.

**Execution sale:** PURCHASE BY AGENT: EVIDENCE. In an action to
1 quiet title, the evidence is considered and held insufficient to show that the grantee in a sheriff's deed purchased the property while in possession of the same as the agent of the debtor, and therefore held the same in trust.

**Quieting title:** ADVERSE POSSESSION. A purchase in good faith of the
2 absolute title to property, followed by adverse possession for the statutory period, will support an action to quiet title, even though a portion of the tract is by mistake omitted from the conveyance.

**Evidence:** DISPARAGEMENT OF TITLE. The statements of a former
3 owner in disparagement of his title, made subsequent to a sale of the property on foreclosure of a mortgage, are admissible only for impeachment purposes.

**Constructive notice of defective title.** Constructive notice of a de-
4 fective title will not defeat an action to quiet title, where a good

faith claim to the entire property is made, accompanied by an adverse possession.

*Appeal from Winneshiek District Court.*— HON. L. E. FELLOWS, Judge.

WEDNESDAY, SEPTEMBER 28, 1904.

ACTION in equity to quiet the title to certain real estate described. The opinion states the case. There was a decree in favor of plaintiffs in the court below, and defendants appeal.— *Affirmed.*

*E. W. Cutting,* for appellants.

*Arthur F. Anundsen,* for appellees.

BISHOP, J.— The property in controversy is lot fourteen, subdivision of lot four, block four, in the original plat of Decorah. The plaintiffs are A. R. Severson and W. E. C. Shaw. The latter claims to be the owner and holder of the legal title to the property, and the interest of the former is that he holds a contract under Shaw for a conveyance, upon condition, of a fraction of the property. The property was originally owned by M. O. Walker. Plaintiffs trace title to a sheriff's deeded executed in April, 1874, to Charles Golz; such deed being based upon a judgment against said Walker in favor of third persons. It appears that Golz held possession of the property, taking the rents and profits and paying taxes, until June, 1889. In the meantime he mortgaged the same to J. B. Shaw, and this mortgage having been foreclosed, the property was sold at sheriff's sale on the date last mentioned; Shaw, the mortgagee, becoming the purchaser. The latter entered into possession, and continued therein until his death in the year 1898. Plaintiff Shaw was his only heir at law, and at once took possession, and has continued therein, paying taxes, etc., ever since. Severson since the date of his contract has been in possession of the

portion affected by such contract. The said M. O. Walker died in the year 1874, leaving a widow and two sons as his only heirs at law. The defendant Gremm claims title to the property under quitclaim deed from said heirs, executed in the year 1900.

No question is made as to the regularity of the judgment against Walker, and the proceedings had thereunder leading up to the sheriff's deed to Golz. Defendants seek to avoid the effect of such deed by the claim that at the time of the sale and the execution of the deed Golz was the agent and tenant of Walker, having the property in his charge as such, and therefore his purchase of the property, in legal contemplation, was for the use and benefit of his principal; that his subsequent holding of the title to the property was as trustee; and that this was well known to his grantees, including the plaintiffs. This contention we may dispose of in brief. It is sufficient to say that the record wholly fails to disclose that the relation, as contended for, between Golz and Walker had any existence. Walker, who was a nonresident of the State, had an authorized agent in charge of his properties at Decorah. Being about to leave, such agent requested Golz to assume temporary oversight over the property, and this, as we understand the record, solely for the purpose of affording protection to some barn buildings situated thereon. As compensation for his trouble, Golz was given permission to make use of the barn in the meantime. There is no showing that the agent was authorized to employ a subagent, or that Walker was advised that any employment had been attempted to be made on his behalf. Certainly Golz was given no authority to deal with the property in any way, and he assumed no such authority. True, he was employed later on by Walker to sell some personal property for him, and to pay taxes, but such employment had no relation to the real property in controversy. Moreover, when the sale was about to be made by the sheriff, Golz advised Walker of the fact, but the latter

1. EXECUTION SALE: purchase by agent; evidence.

ignored the situation. Golz bid in the property for two-thirds its appraised value, the amount being slightly in excess of the judgment, and the balance was applied by the sheriff upon another execution in his hands. After the sale, Golz sought to have Walker redeem the property, but the latter neglected, and refused to give any attention thereto, and a deed was made accordingly. Thereafter, and by force thereof, he asserted all the rights of ownership, and this without question from any source. So, too, his grantees held under him without question, until about the time of the commencement of this action — a period, all told, of more than a quarter of a century. Certainly, argument is not required to reach the conclusion that disability on the part of Golz has not been made out. As to the question in the case thus presented, his title and that of his grantees should therefore be upheld.

A further contention of defendants has relation to a small portion of the property, being a narrow strip off one side and extending the length of the lot. It appears that **2. QUIETING TITLE: adverse possession.** in making levy upon the property, and thereafter in making sale thereof to Golz, the sheriff undertook to describe the same by metes and bounds. In doing this, he failed to include the strip in question. As applied to this state of facts, plaintiffs rely upon the doctrine of title by adverse possession. Counsel for defendants does not question the force of the doctrine; on the contrary, it is his contention that the facts in the case are such as to forbid the application thereof. Our reading of the record leads to a different conclusion. We think it clear that Golz bought with the understanding and belief that the entire property was included in the sale. Acting upon such understanding, he took and continued in possession of the whole. So, too, his mortgage to Shaw and the deed to the latter upon foreclosure covered the lot in its entirety. It is not made to appear that the attention of Golz while in possession was ever called to the omission or discrepancy in the de-

scription as contained in his deed, nor did his grantees have actual·knowledge with respect thereto until shortly before the commencement of this action. We have, then, the fact that absolute title was claimed in good faith, accompanied by actual and adverse possession for the period prescribed by the statute of limitations. No more is required to support an action to quiet title. *Cramer v. Clow*, 81 Iowa, 257; *Independent District v. Fagen*, 94 Iowa, 676; *Fullmer v. Beck*, 105 Iowa, 519.

In stating the facts above, we announce simply our conclusion with respect thereto. There is some evidence tending to show statements made by Golz in disparagement of

3. EVIDENCE: disparagement of title. his title. As all such were made subsequent to the time of foreclosure and sale under the Davis mortgage, the competency thereof must be confined to the purposes of impeachment of Golz as a witness. In our view they were insufficient · to destroy the effect of his evidence as to the character of his occupancy of the property.

The further point is made by counsel. for appellants to the effect that the discrepancy in question was at all times apparent upon the face of the public records of the county,

4. CONSTRUCTIVE NOTICE OF DEFECTIVE TITLE. and therefore Golz and his grantees had constructive notice thereof, and became bound thereby. This cannot be true. The doctrine of adverse possession presupposes a defect in the legal title, and we know of no authority holding that the doctrine cannot be invoked in cases where the defect is discoverable in character. What is required is that the claim of title shall be in good faith, accompanied by a holding adverse to the world. The doctrine is based upon the thought that by reason of possession under claim of title, however defective such title may be in fact, the owner may be presumed to have acquiesced therein if he fail to assert his rights within the limitation period. *Stevenson v. Polk*, 71 Iowa, 278; ·*Litchfield v. Sewell*, 97 Iowa, 251.

The decree entered by the trial court was right, and it is AFFIRMED.