A. BURGESS COLLINS, Appellant, v. JOHN N. REIMERS, Appellee.

ADVERSE POSSESSION:  Hostile Character of Possession—Possession Under Unqualified Deed—Presumption—Limitation of Actions.  Possession of lands is presumed to be referable to the possessor's deed, if he have one; that is, he is presumed to have and to assert a possession as strong as the terms of his deed will justify. It follows that, if his deed be an *unqualified* warranty deed, such possession, if open, notorious and continued, is presumed not only to be in good faith but *adverse to all and every outstanding claim and interest.*

PRINCIPLE APPLIED:  Goldsbury sold *part* of a tract of land to Wood, and had remaining land to the west, north and east of the part so sold. Later, Goldsbury sold to Lee all that part of his remaining land lying immediately east of the part sold to Wood. Though all this land was then on the outskirts of the city and undeveloped, Goldsbury and Wood foresaw, as they thought, the necessity, in the future, of an east and west street along the north line of the Wood and Lee tracts and through the Goldsbury land to the west of Wood's tract, and Goldsbury inserted the following clause in the deed to Lee:

"Subject only to the intention of * * * opening or giving half the width necessary for a street on the north side of said lot whenever said Wood & Goldsbury, or their assigns, shall be willing to give half on their side of the said north line."

Lee, out of his tract, sold a lot fronting 160 feet on his said north line. His grantee and subsequent grantees sold, and the title finally reached plaintiff. *Lee's deed to his grantee and all subsequent deeds were unqualified warranty deeds, no mention being made of the reservation in the Goldsbury deed to Lee.* In the meantime, defendant had acquired all that part of the original Goldsbury tract which was west and north of the Lee tract, but the nature of his deeds does not appear. Plaintiff went into actual possession under his unqualified warranty deed, and soon thereafter acquired actual knowledge from defendant of the reservation or exception in the Goldsbury deed to Lee. Plaintiff brought action to quiet title at a time when his possession, plus the possession of the grantees subsequent to Lee, totaled 23 years. No effort had ever been made to open a street on said north line, but defendant pleaded the necessity for such street and offered to give his half thereof. On the trial, it was taken for granted that defendant had the same rights that Goldsbury would have were he the defendant.

*Held*, plaintiff's possession, in view of his *unqualified* deed, would be presumed to be *adverse*, and in good faith, and whatever claim defendant did have under the reservation in the Goldsbury-Lee deed was lost by operation of the 10-year statute of limitation.

EASEMENTS:    Existence and Termination—Contingent Easement
2   Under Deed of Common Grantor.  An owner of land who claims a *contingent* easement or right in adjoining land because of a reservation, for his benefit, in the deed of a common grantor, loses all right to such easement or right by failing to have the same established as a fact prior to the expiration of ten years' open, notorious, continued, and good-faith possession, by the owner of the adjoining land, under an unqualified warranty deed, even though such adjoining owner had knowledge of the claim to such contingent easement or right.

PRINCIPLE APPLIED:   See No. 1.

DEEDS:   Exceptions and Reservations—Rights Between Grantees of
3   Common Grantor.  A grantee of land who claims a contingent easement in adjoining land because of a reservation for his benefit in a deed of a common grantor, loses the right to such easement by allowing such adjoining owner to remain in undis-

turbed possession for more than ten years under an *unqualified* warranty deed.

PRINCIPLE APPLIED:    See No. 1.

*Appeal from Scott District Court.*—F. D. LETTS, Judge.

## DECEMBER 11, 1917.

SUIT in equity to quiet title. Decree for defendant. The facts are stated in the opinion. Plaintiff appeals.— *Reversed and remanded.*

*Helmick & Boudinot,* for appellant.

*Thuenen & Shorey,* for appellee.

1. ADVERSE POS-
SESSION: hos-
tile character
of possession:
possession un-
der unquali-
fied deed: pre-
sumption:
limitation of
actions.

STEVENS, J.—Prior to August 13, 1872, J. Goldsbury was the owner of a tract of land situated in the southeast quarter of Section 24, Township 78 North, Range 3 East of the 5th P. M., Scott County, Iowa, which was within the corporate limits of the city of Davenport. On the above date, the said Goldsbury and wife conveyed to Henry W. Lee a portion of said tract, described as follows:

"Commencing at the southeast corner of a tract of land conveyed by J. Goldsbury and wife to H. R. Wood, on July 10, 1872, and running thence east along the north line of said High Street 257½ feet more or less to land belonging to E. B. Collins; thence north on said Collins west line 320 feet; thence west 257½ feet more or less to the north-west corner of said H. R. Wood's land; and thence south along the east line of said H. R. Wood's land 320 feet to the first named corner containing 1 4/5 acres more or less, subject only to the intention of and opening of Grove Street 40 feet wide on the east side, and to opening or giving half the width necessary for a street on the north side of said lot whenever said Wood and Goldsbury or their

assigns shall be willing to give half on their side of the said north line."

The following plat will assist in understanding the case:

The tract owned by Collins adjoined the land of Lee on the east. Subsequently, Grove Street, now known as Bridge Avenue, was opened between the Lee and Goldsbury tracts and the Collins land. The land of plaintiff abuts on Bridge Avenue, or Grove Street. The defendant's land is in the form of an inverted "L," the east part abutting on Bridge Avenue, and the south part on High Street. The original Goldsbury tract abuts on Carey Avenue (formerly

Chestnut Street) on the west. There is an alley extending east and west across the north end of the original Goldsbury tract, and north of that, a distance of approximately 150 feet, is Henry Street, extending east and west. Through several mesne conveyances, the plaintiff became the owner of a small tract off the north end of the land above mentioned as conveyed to Lee, described as follows:

"Beginning at a point in the west line of Bridge Avenue, in the city of Davenport, Iowa, 270 feet north of the north line of High Street, thence north on the west line of Bridge Avenue 50 feet, thence west 160 feet, thence south 50 feet, and thence east 160 feet to the place of beginning," being, therefore, a tract 50 feet wide and 160 feet long.

The defendant owns that portion of the original Goldsbury tract adjoining the land of plaintiff on the north and west. Plaintiff alleged his ownership of said above described tract; that he and his grantors have been in the adverse possession thereof for a period of 44 years, and that whatever interest the defendant has or claims to have in and to said real estate, by reason of the last clause in the description above quoted from the deed of Goldsbury and wife to Lee, is barred by the statute of limitations; that, prior to the commencement of the suit, plaintiff demanded of defendant a quitclaim deed to said premises, and tendered to him $1.25, and that defendant refused said tender and to execute said deed. The defendant in answer, after a general denial, states that he is the owner of the land above referred to; that he acquired the same by warranty deed from one of the mesne grantees of Goldsbury; that, in the deed by which Goldsbury conveyed the land to Lee, he reserved to himself and his assigns the right to lay out a street between the land then retained by him, and now owned by defendant, and the land conveyed to Lee and now owned by plaintiff, one half thereof to be taken off the north end of plaintiff's real estate, which said reservation became appurtenant to

the land of plaintiff and his grantors in the real estate
now owned by him. He also avers that, at the time of the
transfer, the real estate in question was located on the out-
skirts of the city of Davenport, and that the public exigen-
cies did not require the opening of a street through said
tract at the point in controversy, but that the city is devel-
oping in that vicinity, and a street will soon be required.
He also offers to dedicate to the public enough of his tract
to make one half of said street, and prays that his alleged
right to have one half thereof taken from the real estate of
plaintiff be sustained and established.

It was stipulated by the parties that all deeds convey-
ing the tracts of plaintiff and defendant executed subse-
quently to that of Goldsbury and wife on August 13, 1872,
to Lee, omitted therefrom the reservation or exception con-
tained in that deed. The plaintiff testified that his tract is
fenced, and has been for 35 or 40 years; that, very shortly
after the purchase thereof, defendant informed him of the
provisions of the Goldsbury deed; that he caused a couple
of hundred loads of dirt to be put on said lot during the
summer of 1915, and a cement sidewalk to be constructed
across the front thereof. The defendant testified that two
buildings were built immediately north of his tract on
Henry Street about 1914; that Bridge Avenue from Henry
to High Street was opened up its full width 6 or 7 years
previous; and that the alley above referred to, and located
north of the defendant's tract, was dedicated to public use
3 years before, and that two houses have recently been
erected on the west side of Carey Avenue.

Appellant relied in the court below upon his plea of
the statute of limitations and upon an estoppel, but nothing
further is pleaded as constituting an estoppel than the facts
relied upon to show the alleged adverse possession. The
trial court held that nothing had been done to start the
running of the statute of limitations, and that plaintiff's

possession of the premises was rightful until a demand was made upon him for the use of the necessary portion of the north side of his lot for a street, as contemplated by the reservation contained in the deed from Goldsbury and wife to Lee, and that his possession was not adverse.

The deed under which defendant claims title to the tract lying north and west of that in controversy is not in the record, nor does it show whether the reservation in question is referred to or contained therein.

2 EASEMENTS: existence and termination: contingent easement under deed of common grantor.

Counsel for appellant, in argument, however, treats appellee as sustaining the same relation and possessing all the rights reserved by Goldsbury in his deed to Lee, and what is said herein is on the assumption that this is so. The clause in the Goldsbury deed should, perhaps, be construed as the reservation of a right to an easement of indefinite width off the north side of plaintiff's tract, for one half of a public street. No street was, however, ever opened in accordance with the intention declared by Goldsbury in said deed. The trial court held that the reservation in question was of a right which became appurtenant to the tract now owned by defendant; that it was not shown by plaintiff that he had ever denied the right of defendant to said easement, or that he held possession of the premises above described adverse to defendant's right under said reservation. But it is unnecessary to discuss the question whether the right to an easement, as above stated, became an appurtenance to defendant's land, as that question is not presented, and counsel for appellant has argued this case upon the theory that defendant had some right under said reservation that could be destroyed by plaintiff's adverse possession of the entire tract.

Thus simplified, the only question presented for our decision is whether whatever right defendant acquired under and by virtue of said reservation has been lost to him by the

alleged adverse possession by plaintiff of the whole tract which was conveyed to him by warranty deed, without exception or reservation. Counsel for appellee cite numerous decisions of this court to sustain his contention that the statute of limitations has not run against him. We therefore deem it necessary to refer specially thereto, and, if possible, to distinguish same from the case at bar.

The statute of limitations was not involved in *Karmuller v. Krotz,* 18 Iowa 352, and we need not refer specially thereto.

In *Barlow v. Chicago, R. I. & P. R. Co.,* 29 Iowa 276, which was an action for the recovery of a railroad right of way across plaintiff's premises, the defendant claimed title to the disputed strip under a deed from plaintiff's grantor which contained the following provision:

"Provided that, in case said railroad company do not construct their road through said tract, or shall, after construction, permanently abandon the route through said tract of land, the same shall revert to and become the property of the grantors, their heirs or assigns."

Defendant acquired title thereto as purchaser at a mortgage foreclosure sale. Plaintiff demurred to defendant's answer setting up title under the above deed and sheriff's deed, upon the ground that the original grantee of said right of way abandoned the same, and that the defendant's right thereto was barred by the statute of limitations. The court held that plaintiff's use of said premises had not been adverse to the defendant's right, and that a mere nonuser for any length of time would not operate to impair or defeat the right to an easement acquired by deed.

*Fisher v. Beard,* 32 Iowa 346, was an injunction suit brought to restrain the defendant from laying off into lots, selling same for building purposes, and erecting buildings upon, a certain block or square in the city of Pella, known and platted on the recorded plat of said city as "Public

Square," and later changed to "Garden Square," and from diverting said block from its original purpose and use as a public square. Plaintiff and others purchased lots abutting thereon, in reliance upon the statements and representations of the original proprietor that said square would always remain open for public use, and exhibited to purchasers a plat upon which same was designated as a public square. The defendant was the grantee, through several mesne conveyances, of the original proprietor of said tract. The court held that, as defendant had never asserted any right to said public square inconsistent with the original purpose and use thereof until same was laid off into lots and offered for sale, plaintiff's right to maintain an action to enjoin the platting and sale thereof was not barred by the statute of limitations. The court said:

"The law is well settled that, when the owner of lands lays out a town thereon and sells lots to purchasers with reference to the plat thereof, the purchasers of such lots acquire, as appurtenant thereto, a vested right in and to the use of adjacent grounds, designated as public grounds on such plat, to the full extent such designation imports, which right cannot be divested by the owner making the dedication, nor by the town in its corporate capacity."

*Slocumb v. Chicago, B. & Q. R. Co.*, 57 Iowa 675, was a suit to enjoin the defendant from moving its right of way fence back 21 feet from where it had stood for more than 10 years, and thereby appropriating a strip of which plaintiff claimed to have had possession for more than 10 years, adverse to defendant. The deed by which plaintiff acquired title to her tract excepted the railroad right of way, which, in fact, included the 21 feet in controversy; but for some reason, the railroad fence was set much nearer to the tracks, so as to leave the controverted strip outside. Plaintiff had planted shrubbery and cherry trees on the strip in controversy, and used same for more than 10 years. The court

held that plaintiff's possession was not adverse to nor inconsistent with the right of defendant to occupy its whole right of way whenever it became necessary or desirable for it to do so, resting its conclusion upon the holding in *Barlow v. Chicago, R. I. & P. R. Co.*, supra.

The land in controversy in *Garstang v. City of Davenport*, 90 Iowa 359, was an alley 20 feet wide, which had never been opened, and of which plaintiff had held possession for more than 10 years. This action was brought to restrain the city from opening said alley, and Pauline Krumbholz, who owned a lot abutting on the north side thereof, intervened, alleging that the said alley was an appurtenance to her lot. The alley was a part of a tract of land formerly owned by one Houghton, grantor of both intervener and plaintiff. The description in the deed to plaintiff was by metes and bounds, and extended "to a 20-foot alley, hereafter to be laid out," but did not include the same. No time was fixed in any of the conveyances within which said alley should be opened. The court held that plaintiff's plea of the statute of limitations was not good, as no time was fixed when the alley was to be opened, and neither plaintiff nor any of his grantors had done anything to set the statute in operation. The court said:

"From the time of the conveyance to Crowell (one of the mesne grantees), there has not been a fact on which to base a color of title or claim of right for the operation of the statute of limitations."

The court further quoted with approval the following from *Tufts v. City of Charlestown*, 2 Gray (Mass.) 271:

"When a grantor conveys land, bounding it on a way or street, he and his heirs are estopped to deny that there is such a street or way. This is not descriptive merely, but an implied covenant of the existence of the way."

Each of the above cases may be distinguished from the case at bar.

In *Barlow v. Chicago, R. I. & P. R. Co.,* supra, the court based its decision upon the fact that the railway company acquired title to its right of way or easement by deed, holding as above stated. It was not shown that plaintiff in that case had color of title or had been in possession under a claim of right. In the case at bar, plaintiff was in possession of the whole tract under a deed which conveyed same to him by metes and bounds, without reservation or exception of any kind.

In *Fisher v. Beard,* supra, the public square was dedicated to public use by the original proprietor, and lots, including those of plaintiff, which abutted thereon were sold with particular reference thereto, and with the understanding that said public square would always remain open for public use. In the case at bar, no easement or right of way has ever been opened, enjoyed or used by defendant or any of his grantors, and plaintiff and his grantors have been in possession thereof under a deed, as above stated, for 44 years.

It does not appear from the record in *Slocumb v. Chicago, B. & Q. R. Co.,* or in *Garstang v. City of Davenport,* supra, that possession by the plaintiff in either of said cases was under claim of right, and neither had color of title to the controverted strip.

We will now refer to some of our more recent decisions in which the facts are more nearly analogous to those in the case at bar than in any of the cited cases. It is the settled doctrine of this court that, when one in good faith enters into possession of a tract of land under a deed conveying the same to him absolutely, without exception or reservation, and continues in possession thereof for 10 years, all outstanding claims or interests in or to said tract are completely barred by the statute of limitations. *Severson v. Gremm,* 124 Iowa 729; *Hughes v. Wyatt,* 146 Iowa 392; *McCarthy v. Colton,* 134 Iowa 658; *Erickson v. Johnson,*

172 Iowa 12. And this is true notwithstanding the fact that the party in possession had actual notice of the defect in his title. *Severson v. Gremm,* supra; *Hughes v. Wyatt,* supra. Possession under a deed to the whole tract, as above stated, is presumptively in good faith. We held, in *Hughes v. Wyatt,* supra, referring to the question of good faith as an incident to title by adverse possession, that:

"The presumption in such a case is with the claimant in possession. Where the claimant puts a deed upon record and enters into possession, his possession is presumptively referable to his deed. In such a case, in so far as good faith is essential to his claim of right, it is presumed in his favor."

3. DEEDS: exceptions and reservations: rights between grantees of common grantor.

The evidence shows, in the case at bar, that the possession of the tract in question in all grantees since Lee parted with the title has been continuous, open, notorious, and under claim of ownership under deeds conveying said tract to them absolutely, without reservation or exception. This possession totals some 23 years prior to the commencement of this suit. Defendant has never attempted to exercise the right which he now claims to possess under the Goldsbury deed, nor has anything been done to open a street at the point in controversy. If defendant acquired some right as a grantee of Goldsbury by virtue of said reservation, he has failed and neglected to exercise the same or make any affirmative claim thereunder until plaintiff demanded a quitclaim deed from him, shortly before the commencement of this suit.

Defendant in *Presbyterian Church of Osceola v. Harken,* 177 Iowa 195, had not been in possession for 10 years of an easement previously opened and used, and the court held that plaintiff's right thereto was not barred by the statute of limitations.

Whatever right defendant and his grantors may have

had by virtue of the reservation in the Goldsbury deed, it was in the nature of a right to an easement inconsistent with the title conveyed by plaintiff's deed, and was, at the time of the commencement of this suit, barred by the statute of limitations.

We therefore reach the conclusion that a decree should have been entered in the lower court in favor of plaintiff as prayed. The judgment of the lower court is, therefore, reversed, and cause remanded for a decree in harmony herewith.—*Reversed and remanded.*

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.