———o———

## J. H. H. KINCAID, Respondent, vs. EDWARD DORMEY, Appellant.

1. *Land titles—Division fence—Agreement made under ignorance of facts, no estoppel.*—Where parties have agreed upon a division line and accepted each his own part in accordance therewith, if the agreement was made and entered into under a mistake of facts, neither party is subsequently precluded from claiming his rights; as under such circumstances there is no presumption of surrender, or waiver of rights which were given up under a misapprehension.

2. *Land titles—Division line supposed to be the true one—Parties not bound by, when.* —If two adjoining proprietors are divided by a line which they suppose to be the true one, each claiming only to the true line, wherever it may be, they are not bound by such supposed line, but must conform to the true one, when ascertained.

*Appeal from Livingston Circuit Court.*

*McFerran & Warder,* for Appellant.

*Broadus & Polland,* for Respondent, cited: Tamm vs. Kellogg, 49 Mo., 118 ; 5 Met., 479 ; 11 Cush., 210 ; Kincaid vs. Dormey, 47 Mo., 337.

WAGNER, Judge, delivered the opinion of the court.

This case has once before been in this court, (47 Mo., 337.) when it was reversed and remanded for a new trial, in consequence of what was conceived to be a wrong interpretation, placed upon an alleged agreement by the tribunal below trying the cause. The cause was re-tried in substantial compliance with the law as laid down by this Court, and the plaintiff again had a verdict and judgment. There can be no estoppel in a case of this kind, if the parties acted under a mutual mistake of facts. The evidence in reference to the agreement, as to the location of the divisional fence was conflicting and it was the province of the jury to decide which party was entitled to credit. Where parties have agreed upon a division line, and accepted each his own part, in accordance therewith, if the agreement was made and entered into under a mistake of facts, neither party is subsequently precluded from claiming his rights, as under such circumstances there is no presumption of a surrender or waiving of rights, which were given up under a misapprehension. (Knowlton vs. Smith, 36 Mo., 507 ; St. Louis University vs. McCune, 28 Mo., 485 ; Thomas vs. Babb, 45 Mo., 384 ; Kincaid vs. Dormey, 47 Mo., 337 ; Tamm vs. Kellogg, 49 Mo., 118.)

The plaintiff and defendant both claim under the same grantor, who entered the whole quarter section, and sold all of the land to the plaintiff, except one hundred and twenty acres, which he afterwards conveyed to the defendant. The

evidence on the part of the defendant, tended to show that after Farris, the grantor, had sold the land to plaintiff, they procured a person to survey the line between them, and they agreed to abide by the line as run.

That the line included the ten acres in controversy in Farris's land, and that he occupied up to said line till he sold to the defendant. The plaintiff's testimony negatived any agreement on his part to abide by this line above mentioned, and tended to establish the fact, that they were to occupy up to the line till they could have the same definitely ascertained by the County surveyor. That the line was used as a matter of convenience, and was supposed to be near the true line, and was to be used till the real line could be accurately established.

That after defendant had purchased from Farris, the County surveyor made a survey of the line between the plaintiff and defendant, which was made in accordance with an agreement between both parties, and that they were mutually to abide by the result. This survey after setting off the one hundred and twenty acres to defendant which he bought of Farris, gave the ten acres in controversy to the plaintiff.

The verdict fully established the case as made out by the plaintiff. If we admit the truth of the agreement contended for by the defendant, still it was a mere verbal understanding and any rights acquired under it, might have been waived by a different agreement of the same character. Neither party claimed any land owned by the other, and they were both endeavoring to ascertain what was the true line. In such a case the correct doctrine is, that if two adjoining proprietors are divided by a line which they suppose to be the true one, each claiming only to the true line, wherever it may be, they are not bound by such supposed line, but must conform to the true one when ascertained. (*Cases supra.*)

The instructions are unobjectionable. They presented the case fairly and the judgment is obviously for the right party.

Affirmed. The other judges concur.