———o———

EDWARD W. HAMILTON & JOHN L. HAMILTON, Appellants, *vs.* JOHN F. WEST & ALVINA B. WEST, Respondents.

1. *Limitations—Adverse possession—Ignorance of true boundary line—Claim, how affected by.*—Where one of two co-terminous proprietors has taken and held possession in ignorance of the true division line, but with the intention of only claiming up to the true line, whatever that may be, his possession will not be adverse to the true owner; but where he claims a certain division wall or fence as the true line, and the land up to that line as his own, the rule is the reverse, although he is ignorant of the true dividing line, and the true ownership of the controverted tract. In such case his possession will be treated as adverse to the world at large, and so to the true owner. And the fact that permanent and valuable improvements have been placed on the land in dispute, is evidence to be considered as showing an intention to hold adversely to all.

*Appeal from Buchanan Circuit Court.*

*Ben. Loan*, for Appellants, cited: St. Louis University vs. McCune, 28 Mo. 482, and cases cited; Kincaid vs. Dormey, 47 Mo. 337; Knowlton vs. Smith, 36 Mo. 507; Tamm vs. Kellogg, 49 Mo. 123.

*Bennett Pike*, for Respondents, cited: Tamm vs. Kellogg, 49 Mo. 123; Blair vs. Smith, 16 Mo. 278; Jackson vs. Ogden, 7 Johns. 242–5; Rockwell vs. Adams, 6 Wend. 467; 7 Cow. 761; 10 Wend. 104–109; Taylor vs. Zepp, 14 Mo. 482–90; Lindell vs. McLaughlin, 30 Mo. 33; Majors vs. Rice 57 Mo. 389.

Hough, Judge, delivered the opinion of the court.

This was an action of ejectment to recover possession of a strip of land seven feet wide, off from the south side of lot 9, block 64, in the original town of St. Joseph. The southern boundary of this strip, is the north line of lot 10, in the same block. The defendant relied upon the statute of limitations and an estoppel *in pais*.

Joseph Robidoux was the owner of both lots, as patentee of the land on which they were laid out, and in May, 1853, conveyed lot 9 to James Hamilton Jr., from whom plaintiffs acquired title prior to the institution of the present action. In April, 1853, Robidoux conveyed lot 10 to F. A. West, who was the husband of the defendant, Alvina, and father of the defendant John West, and they acquired their title from him. In 1853, or 1854, F. A. West erected a brick dwelling on lot 10, which extended some three or four feet on the strip in controversy, which has been since its completion, continously occupied by F. A. West, and the defendants. He also built, at the same time, on the north line of said strip, a brick wall, which has ever since been claimed by the defendants, and, prior to their possession, by F. A. West, as the northern boundary of their lot. Plaintiffs made no claim to the disputed ground, until about seven months before the institution of the present action, although they had lived in the city of St. Joseph for twenty years prior thereto.

Mrs. West testified that she did not know where the boundaries of lot 10 were, but that they had always claimed to the brick

wall.. In another portion of her testimony, referring to the strip in dispute, she said : " We always have claimed it." Her son testified that they always claimed the brick wall as their boundary. The record is silent as to whether F. A. West knew where the northern boundary of lot 10 was, at the time he erected the house and constructed the wall.

It is contended by plaintiffs' counsel, that if he did not know where it was, and by mistake and in ignorance of the true line, located the wall on the plaintiff's land, then, although he and the defendants claiming under him, occupied and claimed the land up to such boundary, their occupation was not adverse. Plaintiffs' instructions to this effect having been refused by the court, they took a non-suit, and have brought the case here by appeal. As we will dispose of the case on the point thus raised, it will not be necessary to say anything on the question of estoppel.

A distinction has been maintained throughout the decisions of this court on the subject of adverse possession, in cases of unascertained boundaries, between the cases where possession of land belonging to one of two co-terminous proprietors, has been taken and held by the other in ignorance of the true division line, but with the intention of only claiming the land up to the true line, wherever it might be, and the case where such proprietor, in ignorance of the true line, but claiming a division wall or fence, erected by himself, or others, to be the true line, has taken and held possession, claiming the land as his own, up to such wall or fence. In the former case, the possession will not be adverse to the true owner ; in the latter it will be. This statement of the law is in entire harmony with the decision of this court in Knowlton vs. Smith ( 31 Mo. 507), cited by plaintiffs, where it was said, that to constitute an adverse possession, there must be an intention to possess and occupy adversely to the true owner. When a man claims land as his own, he claims adversely to all the world, and necessarily so to the true owner. Nor is it in conflict with the decision in St.Louis University vs. McCune. (28 Mo. 482.) In Kincaid vs. Dormey, (47 Mo. 337, same case, 51 Mo. 554 ; Majors vs. Rice, 57 Mo. 389,) the same doctrine is maintained.

In Tamm vs. Kellogg (49 Mo. 122), it was said that in this class of cases, " the question is whether the party in possession only intends to hold to the true line, wherever it may be, or whether he makes his claim and intends to hold to the specific line that bounds his possession. The mere fact that he claims that line to be the true one, cannot negative the intention and make him hold, if mistaken, under the opposing claimant; though in the absence of evidence of intention to hold adversely, the presumption would be that he designed to hold only to the true line."

In the case at bar, there was evidence of intention to hold adversely. In addition to the positive testimony of Mrs. West, that she and her husband always had claimed the land in dispute, and the testimony of herself and her son, that they claimed the brick wall as their northern boundary, the nature of the property occupied, the permanent and valuable character of the improvements made, and the use made of them, indicate in the most unequivocal and forcible manner, the intention of F. A. West and the defendants to hold the same adversely to all persons.

It was not necessary, in order that the defendants might be able to hold adversely, that they should know that they occupied any part of lot 9, nor that they should know who the true owner of lot 9 was.

There was no error in refusing the instructions asked, and the judgment will be affirmed. The other judges concur. Judge Vories absent.