73   105
85   265
78   105
f94  487

SARAH RICKER and others *vs.* ERASTUS G. HIBBARD.

Androscoggin.    Opinion December 30, 1881.

*Disseizin — title by.    Mistake in location.*

S. received a deed of a lot of land, but took possession of the adjoining lot, claiming it as his own, and that possession was continued by him and his successors, with that claim, for more than twenty years. *Held,* that such possession had ripened into a title, though it appeared that there was a mistake, either in the deed or in the taking of possession.

ON REPORT.

Writ of entry to recover certain premises on Park street in Lewiston. The writ was dated April 5, 1880.

The plea was *nul disseizen*, with a brief statement setting up title by possession.

The material facts are stated in the opinion.

*Frye, Cotton and White*, for the plaintiffs.

An entry by one man on the land of another, is an ouster of the legal possession arising from title, or not, according to the intention with which it was done; . . . . . . in legal language, the intention guides the entry and fixes its character. *Ewing* v. *Burnet*, 11 Pet. 41.

It might well be asked here, how a man can be said to intend that which he does by mistake. If it be clear that there is no intention to claim title, there can be no pretense of an adverse possession. Angell on Limitations, page 389.

The rule of law applicable to this case, is laid down in *Worcester* v. *Lord*, 56 Maine, 265, and affirmed in *Dow* v. *McKenney*, 64 Maine, 138, where the court say that "the parties and those under whom they severally claim were the owners of adjoining lots, conveyed to them by deeds with suffi-ciently described lines, and neither party claimed title to any land beyond the lines thus described, until the mistake in the location of the fence was discovered." "The case is thus brought clearly within the principle settled in *Worcester* v. *Lord*."

Thus in the case at bar, the parties here are the owners of adjoining lots, conveyed to them by deeds, with sufficiently described lines, and neither party claimed title to any land beyond the lines thus described, until long after the mistake was discovered.

Counsel further cited: *Frye* v. *Gragg*, 35 Maine, 29; *Gray* v. *Hutchins*, 36 Maine, 142; *Drew* v. *Towle*, 30 N. H. 531; 2 Greenl. Ev. 394, n. 5; *Abbott* v. *Pike*, 33 Maine, 204.

*W. W. Bolster*, for the defendant, cited: R. S., c. 104, § § 3, 8; *Wyman* v. *Brown*, 50 Maine, 139; *Rawson* v. *Taylor*, 57 Maine, 343; *Abbott* v. *Pike*, 33 Maine, 204; *Drinkwater* v. *Sawyer*, 7 Maine, 366; *Field* v. *Huston*, 21 Maine, 69; *Wing* v. *Burgis*, 13 Maine, 111; *Abbott* v. *Abbott*, 51 Maine, 575; *Andrews* v. *Pearson*, 68 Maine, 19; *School Dist.* v. *Benson*, 31 Maine, 381; *Otis* v. *Moulton*, 20 Maine, 205; *Jewett* v. *Hussey*, 70 Maine, 433; *Drew* v. *Drew*, 8 Foster, 489; *Harvey* v. *Mitchell*, 11 Foster, 575; 1 Greenl. Ev. 22.

DANFORTH, J.   By the testimony as reported in this case, the plaintiffs make a good paper title to the land in dispute.   The defendant claims by disseizin.   It is admitted that he has all the interest of his wife, who claimed under a deed from Samuel S. Starbird.   Starbird took possession in 1858, under a deed from the Franklin company, the original owners.   It now appears that the deed from the Franklin company does not cover the premises in question, but an adjoining lot.   It is therefore claimed that Starbird's possession was under a mistake, and was not adverse to the title of the true owner; and for that reason, insufficient to give title, though continued for the necessary length of time. The cases of *Worcester* v. *Lord*, 56 Maine, 265, and *Dow* v. *McKenney*, 64 Maine, 138, are relied upon to support this proposition.

That these two cases are correctly decided, we have no doubt. But the principles involved, are not applicable to the case at bar. In those cases which grew out of a disputed boundary line, the occupation was beyond the line from ignorance of, or a mistake as to, its true location, and what is material, not with any inten-

tion to claim title to any land not covered by the deed. That this intention is a necessary element to make an adverse possession, is held by all the authorities.

In the case at bar, there was indeed a mistake. The deed described one lot, while the grantee took possession of another and different one. Whether the mistake was in the deed or in taking possession, does not appear, and perhaps it is not material. The true question is, whether Starbird, when he took possession of that lot, intended to hold it as his own and against all persons. The intention is the test and not the mistake. It is not unusual for an adverse possession to begin under a mistake as to the title; perhaps it is so in most cases where the party is honest. If he goes into possession, fully believing he has a good title, and intending to hold under that title, surely such a claim would not be rendered invalid by a discovery after twenty years that the title was not good.

That Starbird took possession of that lot under a claim of title, his own testimony and subsequent conduct clearly prove. The mistake confirms it, for he had no motive for his action, except a sincere belief that he had bought and owned that lot. It was the one he examined with a view to purchase, and which he thinks was pointed out to him as the lot to be sold. He immediately expended a considerable amount in the erection of buildings, managed it as his own, and sold it to Mrs. Hibbard, for there is no doubt as to the identity of the lot in regard to which they negotiated. The law applicable to this case, is clearly laid down in *Abbott* v. *Abbott*, 51 Maine, 584, and the facts bring it within the decision, in *Hitchings* v. *Morrison*, 72 Maine, 331.

It is, however, claimed that before the expiration of the twenty years, the mistake was discovered by the defendant, and after that discovery he ceased to claim title, and therefore his title was not completed. The evidence offered for this purpose, fails to prove what is claimed for it. It does satisfactorily establish the fact that the defendant had discovered the mistake. But this does not affect the possession of Starbird or his grantee. The defendant was then the owner of their interest. He made no

surrender nor offer of any, except upon a consideration. Here was nothing to interrupt his possession with all its elements. The disseizin which had been made, was not purged, but he still persisted in it, claiming that he "would soon have a title by possession." The result is, that the evidence shows a sufficient possession in the defendant and his predecessors, for more than twenty years previous to the date of the writ, to give him a title.

*Judgment for defendant.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and SYMONDS, JJ., concurred.