George McAninch, Respondent, v. T. D. Smith, Appellant.

**Kansas City Court of Appeals, November 9, 1885.**

1. Trespass—Not Maintainable for Fence Built and Used for Thirty Years in Good Faith.—Where one encloses a farm by fences

which he deems to be on his land, and claims it to be on his line (whether it be the true line or not), and occupies the land up to that line, with no thought of it being any but his own, for twenty or thirty years; it is not permissible for another, who may afterwards improve an adjoining tract, to bring an action of trespass under section 3921, of the Revised Statutes, for the taking away of the rails.

**2.** ADVERSE POSSESSION—OCCUPANCY OF LAND, UNDER CLAIM, FOR THIRTY YEARS.—Land occupied by inclosure, as in this case, for thirty years, under claim of ownership, is unquestionably the property of the adverse occupant, by the right of adverse possession, if not by paper title.

APPEAL from Callaway Circuit Court, Hon .G. H. BURCKHARTT, Judge.

*Reversed.*

The facts are stated in the opinion.

T. B. BUCKNER, for the appellant.

I.   The plaintiff was not entitled to recover, because there was no possession shown in plaintiff, and because the evidence shows that the defendant, and those under whom he claims title, not only *built* the fence in question, but have been in the *actual possession* of it since, to-wit: since the year 1856.

II.   If the defendant is in actual possession, the remedy is by ejectment. *Cochran v. Whitesides*, 34 Mo. 417; *McMenamy v. Cohick*, 1 Mo. App. 529; *Renshaw v. Lloyd*, 50 Mo. 368; *Brown v. Carter*, 50 Mo. 46; *Sigerson v. Hornsby*, 14 Mo. 71.

III.   The instruction given by the court was erroneous. There was no evidence to support it, and no possession was even claimed beyond the buying of land and taking a deed for it; nor did it appear which was the true survey of the two which were made. *Constructive* possession was not enough; it must have been actual. *Moore v. Perry*, 61 Mo. 175.

IV.   "No justice of the peace shall have jurisdiction * * * to try any action when the *title* to any
VOL. XIX—16

lands or tenements shall come in question, or be in issue." Section 2837, Revised Statutes. The plaintiff must ˌbring ejectment if he thinks he has title under a particular survey.

S. T. Harrison and Warner Lewis, for the respondent.

I. The possession in this case was a mixed possession; the *legal* possession, therefore, must be held according to the title which is in plaintiff. Tyler on Eject. 117; *Codman v. Winslow*, 10 Mass. 151; Washb. Real Est. (3 Ed. of 1862) p. 485; *State v. Rawson*, 6 Metc. (Mass.) 439; 81 Mo. 236; "*Jones v. Chapman*, 2 Exch. (Eng.) 821.

II. The law was properly declared in the instruction given; the case is almost identical with *Climer v. Wallace* (28 Mo. 556). The court properly refused the instructions asked by defendant, as the *title* to the land was not raised on the trial, nor supported by any evidence. If the defendant desired to raise the question of title, he should have proceeded as provided by statute in section 2931, Revised Statutes.

III. There was nothing in the motion for a *new trial* on ground of newly discovered evidence. It discloses a lack of diligence on part of defendant. (1) It does not show knowledge of agreement by plaintiff. (2) It was a parol agreement affecting real estate. (3) It is not stated that the evidence is important, nor that it could not be shown by other witnesses. (4) It does not show that such evidence would have changed the result. *Davis v. Peveler*, 65 Mo. 193; *Pipkin v. Allen*, 29 Mo. 229; *Shaw v. Bush*, 58 Mo. 107; *State v. Lock*, 26 Mo. 603; *Howell v. Howell*, 37 Mo. 125.

Ellison, J.—It appears from the evidence in this case that plaintiff and defendant owned and lived on adjoining farms. That defendant's farm lay north of plaintiff's and was enclosed and improved before plaintiff's, the fence in controversy was defendant's south boundary, and whether on the line, or not, he, and those

owning and occupying his farm prior to his purchase, claimed to own the fence and the land up to it. Defendant's grantors built the fence in 1856 and ever since that time, a period of near thirty years, his grantors and himself have cultivated the field up to the fence, and have maintained the fence, and have "used it as a part of and in connection with defendant's farm."

There was a survey of the land in 1850, by one Bird, and the line run between the two pieces of land. Defendant's predecessor in ownership built the fence on this line as he and other witnesses state, though plaintiff's evidence tends to show the Bird line was one or two feet north of the fence. In 1878 one Holley surveyed the same lands and run the line some ten feet north of the fence, in other words, placed the line some ten feet in defendant's field. Defendant's grantors had, also, planted and cultivated a hedge fence some three feet north of the rail fence in controversy. The evidence shows, beyond doubt (it is not disputed by plaintiff's testimony) that the grantors of defendant, and defendant himself, had claimed the fence, and the land up to it for nearly thirty years; that they had held the land and cultivated it with no idea or thought of its not being theirs, and so had repaired and maintained the fence.

Just when plaintiff's land was improved and occupied does not appear, but whoever did occupy it, and cultivate it, did so only up to the fence. They had no possession in defendant's field. Neither does the evidence show they had any possession of the fence.

I think, where one encloses a farm by fences, which he deems to be on his line, and claims it so to be, whether true or not, and occupies the land up to that line, with no thought of it being anything but his own, for twenty-five or thirty years, it is not permissible for another, who may afterwards improve an adjoining tract, to bring an action of trespass under section 3921 for the taking away of the rails. I am unable to see any possible right plaintiff has to this action. The evidence beyond controversy shows that he neither owned the land north of the fence,

nor the fence. It was built as an enclosure to defendant's farm in 1856, and has always been claimed with all the land north of it as belonging to the owner of the farm.

The land inside of defendant's enclosure is unquestionably his by the right of adverse possession if not by paper title. "He (defendant and his grantors) claimed it as his own; he had no thought of yielding possession to the true owner if it was not his land. He had no doubt that it was his, and he took possession under no other view than that it was his. It cannot be said that he intended to take and hold the land until it should be determined or ascertained whether it was his or not. No such thought was in his mind. He had one thought, that it was his land and he would take possession of it, and make his improvements." *Walbrunn v. Ballen*, 68 Mo. 164.

The question as to whether the Bird line or the Holley line is the true one, has nothing to do with the case, as it is made under this evidence. Defendant's claim "may have been a mistake, it is true, but honest men always enclose land not their own by mistake, or with the consent of the owner, and if the law on this subject were not as this court has held, the statute of limitations in such cases would never run in favor of an honest man, because he would never avow his purpose to have been to take the land of another." Henry, J., in *Cole v. Parker* (70 Mo. 372.)

This case does not involve any question about division fences or the respective right of the parties in regard thereto. It is a straight action of trespass for double damages under the statute, and as such has been considered by us.

The judgment is reversed. All concur.