### WILSON *v.* HUNTER.

#### Opinion delivered November 24, 1894.

*Adverse possession—Mistake as to boundary—Intent.*

> Where one of two coterminous proprietors by mistake builds upon or encloses land of the other, intending to claim adversely merely to the real boundary line, his possession is not adverse to the other; but if his possession was acquired and held under the claim that the land was his own, his possession is adverse to the other, even though the claim of title was the result of a mistake as to the boundary.

Appeal from Saint Francis Circuit Court.

MATTHEW T. SANDERS, Judge.

*George Sibley* for appellant.

The house having been built over the line through mistake or ignorance of the true line, the holding was never adverse, and could never ripen into a title. 15 Ark. 306; 1 A. & E. Enc. Law, p. 248–9 and note, and p. 250, citing 7 Oh. St. 99; 25 *ib.* 115, 265; 63 Tex. 184; 33 Ark. 633, syllabus 1; Sedg. & Wait, Tr. Title to Land, secs. 749, 751; Angell on Lim. 388; 42 Ark. 118.

BATTLE, J.   This is an action of ejectment for the recovery of a small part of lot 11 in block 22, in the town of Forrest City, the width of which is 20 inches.   The defendant owns the adjoining lot.   One of the grantors, under whom she holds it, built a house on it, and in building extended it over on lot 11 about 20 inches.   There is no evidence that he, the builder of the house, or any one claiming under him, ever held any written evidence of title to lot 11 or any part of it.   Plaintiff says he built the house on the 20 inches through mistake, and with no intention of claiming or holding it.   The defendant, on the other hand, says that she is entitled to, and does hold, it by virtue of adverse possession thereof held by her and her grantors for the statutory period.   The documentary evidence read at the trial shows that the title was in the plaintiff and his grantors.   Evidence was also adduced which tended to prove the claim of the defendant by adverse possession.   The court instructed the jury that if they found from the evidence that the defendant, and the grantors under whom she claims, held open, notorious and adverse possession of the land in controversy for seven years before the commencement of this action, the plaintiff could not recover, and to find for the defendant.   The jury found for the defendant, and the plaintiff appealed.

The only question of law in the case is, what possession was necessary to enable the appellee to hold the land in controversy?   We shall not, in answer to this question, attempt to review the numerous cases in which

courts have decided similar questions, but shall state our own views, and cite some of the cases sustaining them.

Where land belonging to one of two coterminous proprietors is inclosed or built upon by the other, the intention with which the possession was taken and held is important in determining what rights, if any, were thereby acquired. No right or title can be gained against the owner by mere possession. To bar an action for the recovery of the land so held the possession must be actual, open, continuous, hostile, exclusive, and be accompanied by an intent to hold adversely and "in derogation of," and not in "conformity with," the rights of the true owner, and must continue for the full period prescribed by the statute of limitations. There must be an intention to claim title. If one of two adjacent owners inclose or build upon his neighbor's land, "through mere inadvertence or ignorance of the location of the real line, or for purposes of convenience, and with no intention to claim such extended area," as said by the court in *Alexander* v. *Wheeler*, 69 Ala. 340, "but *intending to claim adversely only to the real or true boundary line*, wherever it might be, such possession would not be adverse or hostile to the true owner." But it would be, if he inclosed, or built upon and held, the land under the belief and claim that it was his own, even though the claim of title was the result of a mistake as to the boundaries of his own land. "In such a case," as said in *Alexander* v. *Wheeler* 69 Ala. *supra*, "there is a clear intention to claim" the land occupied or inclosed, "and the possession does not originate in an admitted possibility of mistake." *Brown* v. *Cockerell*, 33 Ala. 45 ; *Alexander* v. *Wheeler*, 69 Ala. 340 ; *Abbott* v. *Abbott*, 51 Me. 584 ; *Hitchings* v. *Morrison*, 72 Me. 333 ; *Ricker* v. *Hibbard*, 73 Me. 105 ; *Ayers* v. *Reidel*, (Wis.) 54 N. W. 588 ; *Hamilton* v. *West*, 63 Mo. 93 ;

*Walbrunn* v. *Ballen*, 68 Mo. 164 ; *Bunce* v. *Bidwell*, 43 Mich. 546.

In the case at bar, there was evidence adduced at the trial which tended to show an intention to hold the land in controversy adversely, and that the possession of the appellee was in other respects sufficient to bar the appellant from recovering the land.

Judgment affirmed.