JENNINGS, ADMINISTRATOR, APPELLANT, *v.* GORMAN,
RESPONDENT.

[Submitted May 17, 1897.    Decided May 24, 1897.]

*Ejectment—Adverse Possession—Burden of Proof—Evidence
in Rebuttal.*

ADVERSE POSSESSION—*Burden of Proof.*—In an action of ejectment, the burden is upon
the defendant to establish his claim of adverse possession.
SAME—*Evidence in Rebuttal.*—In such an action, where defendant has introduced evi-
dence tending to show his adverse possession, plaintiff is entitled to introduce evi-
dence in rebuttal tending to show the contrary.

*Appeal from District Court, Silver Bow County.    J. J.
McHatton, Judge.*

ACTION by Ellen Jennings administratrix of the estate of
Solomon Jennings, deceased, against Robert Gorman, for
ejectment.    From a judgment for defendant, plaintiff appeals.
Reversed and remanded.

Statement of the case by the justice delivering the opinion.

Plaintiff brought ejectment to recover possession of a cer-
tain tract of ground in Silver Bow county, and alleged an
ouster of her intestate by defendant on July 1, 1889.

Defendant denied ownership of Solomon Jennings, decedent,
at any time after July 23, 1888, denied all other allegations
of the complaint, and affirmatively pleaded that neither plaint-
iff nor her intestate had been seised or possessed of the prem-
ises described in the complaint within five years before this
action was brought, which was June 6, 1894.    Defendant al-

leged that on and since July 23, 1888, defendant had been in exclusive and adverse possession, and that, if Solomon Jennings ever had a cause of action against defendant, it was barred by the statute of limitations.    For an equitable defense defendant pleaded purchase by him on July 23, 1888, of the premises in controversy, but that description thereof was inadvertently and by mistake omitted from a deed dated July 23, 1888, from Solomon Jennings and wife to defendant. Defendant prayed for reformation of the deed.

The replication denied all new matter alleged.    The equitable issues as to mistake and reformation of the deed were tried to the court, which found for the plaintiff.

Thereupon the issues of adverse possession and the statute of limitations were tried before a jury.    The verdict was for defendant.    Judgment was afterwards entered in defendant's favor, declaring him to be the owner and entitled to the possession of the land.

Plaintiff moved for a new trial, but the court denied the motion.    Plaintiff appeals.

*L. J. Hamilton* and *Chas. O'Donnell*, for Appellant.

*Stapleton & Stapleton* and *W. S. Shaw*, for Respondent.

HUNT, J.—The defendant was obliged to prove his defense of adverse possession by a preponderance of evidence.    He therefore assumed, as an essential element of his alleged adverse holding, the burden of proving a continuity of possession which ripened into a title.    If there was an interruption of his holding, the term of his adverse possession closed. These rules are elementary, and were certainly applicable to the case at bar.  ' Accordingly the defendant was allowed, although against plaintiff's objection, to offer his evidence tending to prove his continuous and exclusive occupation of the premises in controversy for the period of five years next preceding the commencement of this action.

This evidence was to the effect that for the several years 1889, 1890, 1891, 1892 and 1893, defendant had himself cul-

tivated the ground, in hay crops, or that the land had been so cultivated by tenants of his, and that Robert Gorman, defendant, had control of the premises during that time.

But when the plaintiff offered rebuttal testimony to contradict the defendant's witnesses upon the material matters just suggested, and tried to introduce evidence to show that defendant did not have exclusive possession of the premises, and did not exercise exclusive control over them during the whole period of five years immediately preceding the institution of this action, but that plaintiff's intestate was in possession, the defendant objected, and the court sustained the objection.

This was prejudicial error, and requires a reversal of the case. Manifestly, if evidence to support the defense of adverse possession was permitted at all, testimony to rebut such evidence was competent.

The case seems to have become complicated in the course of its proceeding. The equitable defense of a purchase of the ground in controversy by defendant, and that there was a mistake in the deed delivered to him, was tried to the court, and decided against defendant. This was an adjudication of the fact that legal title was in Jennings at the time of defendant's entry.

But upon exactly what ground the learned judge, who tried the case, based his decision upon the equitable issues, does not appear in the record. We would have been aided by knowing his views upon this branch of the case, for they would have shed light upon the conduct of the subsequent trial, and his rulings upon the legal issues. It would seem as though, when the equitable defense was disposed of, the evidence in support of that defense became immaterial to the issues of adverse possession, unless the case was tried upon the theory that if defendant claimed title to the ground in controversy, which was not included in his deed, yet he by mistake believed it was, he could recover upon adverse possession.

Whether or not this theory was warranted by the evidence, we need not now decide; and whether or not the important questions raised by our suggestion that this was the theory

upon which the court proceeded were passed on, we cannot say, for no reference is had to them in the instructions or rulings of the court. But, as this point may arise upon another trial, we refer to the following decisions, which discuss the law : ` Metcalf v. McCutchen, 60 Miss. 145, and cases cited in briefs of counsel in that report; Ricker v. Hibbard, 73 Me. 105; Busw. Lim. § 250; Walbrunn v. Ballen, 68 Mo. 164; Grube v. Wells, 34 Ia. 148; Hitchings v. Morrison, 72 Me. 331; French v. Pearce, 8 Conn. 439.

The judgment is reversed, and the cause is remanded for a new trial.

*Reversed and Remanded.*

Pemberton, C. J., and Buck, J., concur.