Rowe *v.* Fisher.

5-3620    393 S. W. 2d 767

Opinion delivered September 20, 1965.

*Roy Mitchell,* for appellant.

*Curtis L. Ridgway, Jr.,* for appellee.

JIM JOHNSON, Associate Justice. This is a boundary line dispute between adjoining landowners. In 1942 appellee Junnie Luker Fisher purchased from one W. T. Weaver a parcel of land which was bounded on the west by a section and range line. In 1946, one Grim purchased the property adjoining, on the west side of the section line, from Weaver. In 1948 Grim sold a strip of land 200 feet wide and over 600 feet in depth, lying on the west of the section line, to appellant Mildred Rowe Alewine for road access for appellants' land to the south. There existed on the west property (appellants' property) a fence which ran roughly parallel with the section line, varying from 30 to 90 feet west of that line. In late 1960 and early 1961, appellants removed the fence and constructed a new fence on the section line, following a survey which appellee had ordered, paid for, and later disclaimed. It is undisputed that appellant Alewine had record title up to the section line. Appellees, claiming title to the property up to the old fence line by adverse possession, filed suit on June 28, 1961, in Garland Chancery Court to enjoin appellants and to quiet title in appellees. Trial was held August 1 and 3, 1962, deposition of the county surveyor was taken February 13, 1963, and final decree was rendered November 24, 1964, which found that appellees had acquired title to the disputed strip of land by adverse possession and permanently enjoined appellants from encroaching on the property. From this decree appellants have prosecuted this appeal, urging that the chancellor erred in holding that appellees had acquired title by adverse possession.

The fence which appellees claim as a boundary line fence was an old field fence existing when Weaver owned

all of the property here mentioned. There was testimony that it was one of several field fences dividing Weaver's property into small pastures. (He operated a dairy there at one time.) There was also testimony that Weaver had once raised a garden on the strip in question, which is of no benefit to appellees' claim of adverse possession since Weaver owned all the property. The record contains no satisfactory evidence that this field fence was ever intended to be the dividing line between these two pieces of property. The fence meandered, was sporadically maintained, and its various locations are not clear from the record. Even appellee Fisher testified that part of the fence burned one time and it was patched by stringing barbed wire across near-by trees. Appellee made the bare assertion that "I have owned, cultivated and used the property up to that fence, and I understood when I bought it, that was my property." There was no further testimony on possession—no testimony of the type of cultivation, crops or use to which appellee alluded, with one exception. Appellee testified that three years before trial she let a Mr. Murphy use her property as a pasture for a year or less. He strung a "hot-wire" fence (apparently a single strand electrified wire) to contain his cattle. The location of the hot-wire, which existed about a year, is not clear from the record.

Reviewing the record before us as we do on trial de novo, we find that appellees have failed to meet their burden of proof to establish all of the essential elements of adverse possession. *Smith* v. *Kappler,* 220 Ark. 10, 245 S. W. 2d 809. "In order that adverse possession may ripen into ownership, possession for seven years must have been actual, open, notorious, peaceable, continuous, hostile, and exclusive. It must be accompanied with an intent to hold adversely—in derogation of and not in conformity with the right of the true owners." *Terral* v. *Brooks,* 194 Ark. 311, 108 S. W. 2d 489. "The owner must have knowledge or notice that possession is hostile." *Id.* Appellees' sole act of possession, if it was that, was permitting Murphy to use the property for pasture. "Where actual possession is relied upon to support a plea of limitation or to establish title to land by limitation

it must be shown that such possession was continuous, as well as notorious, adverse and exclusive. Mere fitful or intermittent possession is not sufficient." *Teer* v. *Plant*, 238 Ark. 92, 378 S. W. 2d 663. This single act, well within seven years prior to this lawsuit, without more is insufficient to establish adverse possession of the disputed strip of land. The decree of the trial court is, therefore, reversed and remanded for entry of a decree consistent herewith.