John THOMPSON and Sue Thompson *v.*
Richard E. FISCHER

05-127                                                    220 S.W.3d 622

Supreme Court of Arkansas
Opinion delivered December 15, 2005

*Dover Dixon Horne PLLC* by: *Gary B. Rogers* and *Monte D. Estes*, for appellants.

No response.

Tom Glaze, Justice. This appeal stems from a decision of the Prairie County Circuit Court quieting title to property in appellee Richard Fischer. The property at issue consists of four lots — Lots 3, 4, 5, and 6 — located on Block O in the Wintkers Addition subdivision of DeValls Bluff. On April 20, 2004, Fischer filed a petition to quiet title in the property, alleging that his parents acquired title to the property by warranty deed in 1984. In addition, Fischer alleged that he and his predecessors in title had adversely possessed the land for nineteen years under color of title. In the petition, Fischer alleged that appellants, John and Sue Thompson claimed an interest in the same property by virtue of a limited warranty deed executed by the Arkansas Land Commissioner on April 24, 2002. Fischer averred that he had discovered that he had not been receiving a property tax statement on the four lots, and that Thompson had, in fact, purchased a tax deed to the lots. Fischer attempted to pay Thompson $325.00 in reimbursement for the property, but Thompson returned the check to Fischer. Fischer then tendered the check to the Prairie County Circuit Court and asked that title to the lots be quieted and confirmed in him.

Thompson answered, asserting that no valid conveyance of title was ever made to Fischer and his alleged predecessors in title. In addition, Thompson denied that Fischer had adversely possessed the property. Alternatively, Thompson alleged that the last record owner of the property, prior to forfeiture for failure to pay taxes, was an individual named William Curlett, and that no conveyance of the property from Curlett or his heirs existed of record. Further,

Thompson noted, neither Fischer nor any party from whom he alleged to have received title had ever paid taxes on the subject property.

After a hearing on September 21, 2004, the trial court entered findings of fact on October 5, 2004. The court found that Fischer did not pay taxes on Block O, Lots 3, 4, 5, and 6; the court also found that Fischer should have known that he was not paying taxes on those parcels. The court further found that Fischer exerted control and possession over the property, although Lots 3 and 4 were overgrown. In sum, based on the testimony, the court determined that Fischer "had been exercising control over Lots 3-6 at various times." Accordingly, considering the circumstances, the court concluded that Fischer had adversely possessed Lots 3, 4, 5, and 6 of Block O, and that title to those lots should be quieted in Fischer. Thompson filed a timely notice of appeal and now raises two points for reversal. Fischer did not file a brief.

The standards governing appellate review of a case that traditionally sounded in equity are well established. Although this court reviews equity cases *de novo* on the record, we do not reverse unless we determine that the trial court's findings of fact were clearly erroneous. *Holaday v. Fraker*, 323 Ark. 522, 920 S.W.2d 4 (1996). The appellate court reviews both law and fact and, acting as judges of both law and fact as if no decision had been made in the trial court, sifts the evidence to determine what the finding of the chancellor should have been and renders a decree upon the record made in the trial court. *Arkansas Presbytery v. Hudson*, 344 Ark. 332, 40 S.W.3d 301 (2001). The appellate court may always enter such judgment as the circuit court should have entered upon the undisputed facts in the record. *Id.* (citing *Ferguson v. Green*, 266 Ark. 556, 587 S.W.2d 18 (1979)).

In his first point on appeal, Thompson asserts that his title, acquired by purchasing the property from the State Land Commissioner at a tax sale, defeated, as a matter of law, Fischer's claim of ownership based on adverse possession. However, Thompson failed to raise this argument prior to trial, only mentioning it briefly in a post-trial letter to the court[1]; moreover, in neither its findings of fact nor the judgment confirming title did

---

[1] Thompson did not raise this argument in his answer to Fischer's petition to quiet title, nor did he present the issue to the trial court during the course of the trial, either through his witnesses or through argument to the court after the testimony was completed.

the trial court rule on this argument. An issue must be presented to the trial court at the earliest opportunity in order to preserve it for appeal. *Foundation Telecommunications v. Moe Studio*, 341 Ark. 231, 16 S.W.3d 531 (2000). It is well settled that this court does not consider arguments raised for the first time on appeal. *Yant v. Woods*, 353 Ark. 786, 120 S.W.3d 574 (2003); *Short v. Westark Community College*, 347 Ark. 497, 65 S.W.3d 440 (2002). Where nothing appears in the record reflecting that a particular argument was formulated before the trial court, or that any ruling was given, the appellant has waived review of that issue. *See Hickman v. Trust of Heath, House & Boyles*, 310 Ark. 333, 835 S.W.2d 880 (1992). Because Thompson did not present and obtain a ruling on his tax-sale argument in the trial court, the issue is not preserved for this court's review.

In his second point on appeal, Thompson argues that the trial court erred in finding that Fischer had proven that he adversely possessed the property in question. The establishment of title to real property through adverse possession is governed by both statutes and case law. Ark. Code Ann. § 18-11-106 (Repl. 2003)[2] provides, in relevant part, as follows:

(a) To establish adverse possession of real property, the person, and those under whom the person claims, must have actual or constructive possession of the property being claimed and have either:

(1)(A) Held color of title to the property for a period of at least seven (7) years, and during that time have paid ad valorem taxes on the property [or]

. . . .

(2) Held color of title to real property contiguous to the property being claimed by adverse possession for a period of at least seven (7) years, and during that time have paid ad valorem taxes on the contiguous property to which the person has color of title.

(b) The requirements of this section are in addition to all other requirements for establishing adverse possession.

---

[2] Section 18-11-106 was amended by Act 84 of 2005, which inserted a new subsection (b) (regarding persons who are exempt from paying *ad valorem* taxes) and renumbered the subsequent subsections accordingly; however, the 2005 amendments are not relevant to the facts of this case.

(c) This section shall not repeal any requirement under existing case law for establishing adverse possession but shall be supplemental thereto, and, specifically, this section shall not diminish the presumption of possession of unimproved and unenclosed land created under § 18-11-102 by payment of taxes for seven (7) years under color of title or the presumption of color of title on wild and unimproved land created under § 18-11-103 by payment of taxes for fifteen (15) consecutive years.

Thompson concedes that Fischer meets the requirements of § 18-11-106(a)(2), as Fischer paid taxes on the lots contiguous to Block O, Lots 3-6, for at least seven years. However, because the statutory provisions for establishing title by adverse possession "are in addition to all other requirements" for establishing adverse possession, *see* § 18-11-106(b), the payment of taxes on contiguous property, standing alone, is insufficient to establish title in Fischer. Thus, the court also considers those common law factors that must be met to prove adverse possession.

Title to land by adverse possession does not arise as a right to the one in possession; it arises as a result of statutory limitations on the rights of entry by the one out of possession. *Utley v. Ruff*, 255 Ark. 824, 502 S.W.2d 629 (1973). Possession alone does not ripen into ownership, but the possession must be adverse to the true owner or record title holder before his title is in any way affected by the possession. *Id.*; *Coulson v. Hillmer*, 271 Ark. 890, 612 S.W.2d 124 (1981). In order for a claimant to establish ownership to property by adverse possession, that party has the burden of proof to show, by a preponderance of the evidence, possession for seven years. *Potlatch Corp. v. Hannegan*, 266 Ark. 847, 586 S.W.2d 256 (1979). In addition, the possession must have been actual, open, notorious, continuous, hostile, and exclusive, and it must be accompanied with an intent to hold against the true owner. *See Rowe v. Fisher*, 239 Ark. 721, 393 S.W.2d 767 (1965); *Boyette v. Vogelpohl*, 92 Ark. App. 436, 214 S.W.3d 874 (2005).

On appeal, Thompson argues that there was insufficient evidence that Fischer's occupation of the property was exclusive, continuous, notorious, and undertaken with an intent to hold the property as against the true owner. We agree that Fischer did not prove that his possession of the land was done with an intent to hold the property as against the true owner, and we reverse the trial court's ruling on this basis. During the course of the trial, Thompson testified that he had a conversation in 1996 with Fischer's father, Jack Fischer, regarding a hunting lease on the property; at

that time, as the two men were walking around the elder Fischer's property, Thompson made a remark about the disputed lots. According to Thompson, Jack Fischer replied, "Yes, I don't own this property in here, but one day I'll buy it for back taxes. Some other people own it." Despite the fact that Fischer offered some rebuttal evidence on another matter, Jack Fischer was not recalled to the stand and never disputed Thompson's testimony.

On appeal, Thompson argues convincingly that this statement indicates not only that Fischer knew he did not own the lots, but also that he did not intend to possess the land adversely to the true owner. Thompson urges that, if Jack Fischer stated that he knew the lots belonged to someone else but intended to acquire the lots at a tax sale, then he did not have the intent to adversely possess the lots, because an adverse possession claimant must intend to claim the land that he is possessing. *See Wilson v. Hunter*, 59 Ark. 626, 628, 28 S.W. 419, 419 (1894) ("There must be an intention to claim title."); *Dickson v. Young*, 79 Ark. App. 241, 85 S.W.3d 924 (2002).

■ On this issue, the trial court opined that, "[e]ven if Thompson's claim of Fischer's statement is true, this does not necessarily defeat Fischer's claim of adverse possession." The trial court went on to cite to other evidence it believed supported a finding of adverse possession. However, the trial court appears not to have considered that a party claiming title to land by adverse possession must prove *all* of the elements by a preponderance of the evidence. In ruling in Fischer's favor, the trial court erroneously discounted the undisputed evidence disproving this element. Because Fischer did not prove that he intended to claim the land adversely to the true owner, he did not satisfy each of the common-law elements, and the trial court erred in finding in Fischer's favor.

Reversed.

HANNAH, C.J., BROWN and IMBER, JJ., concur.

ROBERT L. BROWN, Justice, concurring. I concur. In his petition to quiet title, Fischer asserted that he was the owner of the property at issue, and the circuit court specifically found that he held a deed for all of Block O, which included Lots 3-6. This being the case, Fisher appears to be the true owner of Lots 3-6.

As the majority correctly points out, adverse possession requires that the possession be actual, open, notorious, continu-

ous, hostile, and exclusive, *and be accompanied with an intent to hold adversely and in derogation of, and not in conformity with, the right of the true owner. See Bonds v. Carter,* 348 Ark. 591, 75 S.W.3d 192 (2002). Clearly, Fischer could never meet the requirements for adverse possession if he was the true owner of the property, because he would lack the necessary intent to possess adversely. While he indeed did make a creative argument to the circuit court that he held his own property adversely to the true owner, he could not have intended to hold adversely to himself. For that reason, his arguments with respect to his intent to adversely possess fail, and the matter simply becomes a typical forfeiture case for nonpayment of taxes.

Because redemption does not appear to be an issue in this appeal, I too would reverse the circuit court's judgment confirming title in Fischer.

HANNAH, C.J., and IMBER, J., join this concurrence.