OFFICE of CHILD SUPPORT ENFORCEMENT *v.*
Amanda BURROUGHS

CA 07-116                                                     265 S.W.3d 132

Court of Appeals of Arkansas
Opinion delivered October 10, 2007

G. *Keith Griffith*, Office of Child Support Enforcement, for appellant.

*Streett Law Firm*, by *Alex G. Streett*; *Susan Walker Allen Law Firm, P.A.*, by: *Susan Walker Allen*, for appellee.

JOHN B. ROBBINS, Judge. Appellee Amanda Burroughs and Larry Kendall have two children out of wedlock: James, d/o/b 5-10-97 and Hannah, d/o/b 7-6-98. Until 2003, Mrs. Burroughs had custody of both children and Mr. Kendall was paying court-ordered child support. On October 20, 2003, an agreed order was entered that provided for joint custody, with Mr. Kendall having primary physical custody and Mrs. Burroughs having liberal and reasonable visitation. The agreed order awarded no child support. On March 10, 2006, appellant Office of Child Support Enforcement (OCSE) filed a motion to set child support against Mrs. Burroughs. In her response to the motion, Mrs. Burroughs asserted, "The motion for support should be denied in that the current status is joint custody with limitations on the [appellee's] time with the children. The [appellee] would never have agreed to joint custody and giving up child support had she in turn been ordered to pay child support." After a hearing, the trial court entered an order denying OCSE's motion for child support on the basis that OCSE failed to show a material change of circumstances sufficient to modify the prior agreed order that provided no child support. OCSE now appeals from that order, arguing that the trial court clearly erred in failing to find a material change in circumstances. We agree, and we reverse and remand.

The only witness to testify at the hearing was Mr. Kendall. There was also some discussion between the parties' attorneys and the trial court, wherein it was established that Mrs. Burroughs had remarried in June 2005 and is currently employed at Hardee's earning $213 per week. Mrs. Burroughs' counsel represented at the hearing that the October 20, 2003, agreed order was technically not an order of joint custody because Mr. Kendall was awarded primary physical custody. However, Mrs. Burroughs'

counsel contended that no child support should be awarded because there had been no material change in circumstances since the prior order.

Mr. Kendall testified:

> I am the father of Hannah and James. They are in my custody. In the order when I agreed to the joint custody arrangement and no support, it was because Amanda was going to be moving to Texas and would be without a job. And because she had been unstable at that point in time. I am asking for support because since that time she has married, got a steady job and I'm receiving no help and the kids are getting more expensive as far as buying clothes for and taking care of.

> . . . .

> Amanda never did move to Texas. I wasn't going to ask for support while she was in Texas because I figured with her driving back and forth, it would just help out on gas to hopefully be able to see the kids on every other weekend. She is now employed at Hardee's, West Main. As far as I know, she hasn't left there. She was employed there when we went into the agreed order of custody which gave me primary physical custody of James and Hannah. That was the one in which I said no child support. She was working at Hardee's at that time.

OCSE's argument on appeal is that the trial court erred in failing to award child support because there has been a material change in circumstances since the October 2003 agreed order was entered. Specifically, OCSE points to Mr. Kendall's testimony where he stated that the agreed order was based on Mrs. Burroughs' anticipated move to Texas, where she would be unemployed and forced to incur travel expenses to exercise visitation. Because these events did not occur and Mrs. Burroughs has remarried and remained gainfully employed in Arkansas, OCSE maintains there has been a material change in circumstances and child support should be awarded pursuant to the chart. OCSE cites *McKinney v. McKinney*, 94 Ark. App. 100, 226 S.W.3d 37 (2006), for the proposition that when support is based on an expectation of circumstances, and the expected circumstances change, there can be a material change of circumstances. In that case we affirmed a reduction in child support where, although the father was unemployed and receiving no income both at the time of divorce and

when he petitioned for a reduction, at the time of divorce he had been approved for monthly unemployment benefits of $1000 per month, and those benefits subsequently began to be received but expired prior to the filing of his petition.

Arkansas Code Annotated section 9-14-107(c) (Supp. 2005) provides:

> (c) An inconsistency between the existent child support award and the amount of child support that results from application of the family support chart shall constitute a material change of circumstances sufficient to petition the court for modification of child support according to the family support chart after appropriate deductions unless:
>
> (1) The inconsistency does not meet a reasonable quantitative standard established by the State of Arkansas in accordance with subsection (a) of this section; or
>
> (2) The inconsistency is due to the fact that the amount of the current child support award resulted from a rebuttal of the guideline amount and there has not been a change of circumstances that resulted in the rebuttal of the guideline amount.

Subsection (a) of the statute provides:

> A change in gross income of the payor in an amount equal to or more than twenty percent (20%) or more than one hundred dollars ($100) per month shall constitute a material change in circumstances sufficient to petition the court for review and adjustment of the child support obligated amount according to the family support chart after appropriate deductions.

OCSE asserts that the October 2003 agreed order that provided no support was the result of a rebuttal of the guideline under subsection (c)(2) above. However, because there has been a material change since then (*i.e.* appellee's failure to relocate to Texas), and this anticipated circumstance was the reason the chart amount was initially rebutted, OCSE contends that child support should now be awarded against Mrs. Burroughs.

It is axiomatic that a material change in circumstances must be shown before a trial court can modify an order for child support, and a trial court's finding in this regard is subject to a

clearly erroneous standard of review. *See Evans v. Tillery*, 361 Ark. 63, 204 S.W.3d 547 (2005). We hold that the trial court clearly erred in denying OCSE's petition for child support on the basis that there had been no material change in circumstances.

In the October 2003 order that provided for no child support, there were no specific written findings that the chart amount was inappropriate as is required by law. *See Akins v. Mofield*, 355 Ark. 215, 132 S.W.3d 760 (2003). Because Mrs. Burroughs was employed at that time, child support of zero was clearly a deviation from the chart, and neither party appealed from that order. More than two years later, Mr. Kendall testified that he agreed to no child support at that time because he thought Mrs. Burroughs would be moving to Texas and would be without a job.

There was a statutory change of circumstances in this case under section 9-14-107(c) because when applying the chart to appellee's income the result is obviously something greater than zero. Mr. Kendall could not forever waive his children's right to child support, and there is no legal basis why Mrs. Burroughs should not now be ordered to pay support for her children, who are in Mr. Kendall's primary custody. From the October 2003 order, it is not clear why there was a deviation from the chart amount. Perhaps it was due to Mrs. Burroughs' anticipated move to Texas. But whatever the case, Mrs. Burroughs did not move to Texas and there appears to be no existing justification for deviating from the chart and continuing to allow Mrs. Burroughs to avoid supporting her children. Neither of the two exceptions set forth in section 9-14-107(c) are applicable to this case. Because there has been a material change in circumstances and the trial court clearly erred in finding otherwise, we reverse and remand for the trial court to set an appropriate amount of child support.

Reversed and remanded.

GLADWIN, GRIFFEN, GLOVER, and VAUGHT, JJ., agree.

BAKER, J., dissents.

KAREN R. BAKER, Judge, dissenting. In this case, the trial court was presented with only two facts to consider in determining whether to modify the 2003 order: first, that Ms. Burroughs was working at Hardee's when the 2003 order was entered and was still working there making the same amount of money at the time of the hearing on OSCE's motion to modify; and second, that

Mr. Kendall testified that, at the time the 2003 order was entered, he expected Ms. Burroughs to move to Texas. Based on this testimony the majority concludes that there was a material change in circumstances and that the trial court erred in finding otherwise, and it reverses and remands the case for the trial court to set an appropriate amount of child support. In so holding, the majority shows no deference to the trial court. *See Tucker v. OCSE*, 368 Ark. 481, 247 S.W.3d 485 (2007) (stating that in child-support cases, we give due deference to the trial court's superior position to determine the credibility of the witnesses and the weight to be given their testimony; and in a child-support determination, the amount of child support lies within the sound discretion of the trial court, and the lower court's findings will not be reversed absent an abuse of discretion).

In support of its holding, the majority restates OCSE's interpretation of the holding in *McKinney v. McKinney*, 94 Ark. App. 100, 226 S.W.3d 37 (2006), *implying* that *McKinney* held that when a party's expectations are not met a material change in circumstances has occurred. That was not the holding in *McKinney*. The court in *McKinney* held that it was not clearly erroneous for the trial court to consider the change in anticipated income as a factor in determining whether a material change in circumstances had occurred. It is clear from the record in this case that the trial judge did consider the fact that Mr. Kendall thought Ms. Burroughs was planning to move to Texas, and determined that this fact was not sufficient to establish a change in circumstances allowing modification of the 2003 order.

In reversing the trial court, the majority opinion addresses OCSE's argument from their appellate brief that the 2003 order was a deviation from the amount that would have been presumed correct from the proper application of Administrative Order No. 10. This argument was not made to the trial court. The majority opinion also addresses OCSE's argument that the October 2003 order that provided no support was the result of a rebuttal of the guidelines under Ark. Code Ann. § 9-14-107. Neither was this argument made to the trial court. Because OCSE did not raise or contend before the trial court either of these arguments, the majority opinion improperly addresses the issues. *See McKinney*, 94 Ark. App. at 107, 226 S.W.3d at 42 n.3 (stating that we occasionally discern issues in appeals that might have merit but were either not preserved for review by raising it before the trial court or by not arguing the matter on appeal, or both; yet, we would violate basic appellate jurisprudence if we began raising and addressing the

merits of unappealed issues). Even under our *de novo* standard of review, we examine the record to determine whether the trial court had the opportunity to consider a particular argument and erred in addressing the issue presented. *See Thompson v. Fischer*, 364 Ark. 380, 220 S.W.3d 622 (2005) (where nothing appears in the record reflecting that a particular argument was formulated before the trial court, or that any ruling was given, the appellant has waived review of that issue).

Even had OCSE argued below that the 2003 order was an unsupported deviation from the child-support chart, the 2003 order was not appealed. The majority's decision effectively allows OSCE to challenge an order entered almost four years earlier and to do so without making the argument to the trial court.

Accordingly, I dissent.